Amy F. Sorenson, Esq.
Nevada Bar No. 12495
Robin E. Perkins, Esq.
Nevada Bar No. 9891
Kiah D. Beverly-Graham, Esq.
Nevada Bar No. 11916
SNELL & WILMER L.L.P.
3883 Howard Hughes Pkwy, #1100
Las Vegas, Nevada  89169
Telephone: 702-784-5200
Facsimile: 702-784-5252
Email:  asorenson@swlaw.com
          rperkins@swlaw.com
          kbeverly@swlaw.com

*Attorneys for Defendant Bank of America, N.A.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD ZEITLIN, ADVANCED TELEPHONY CONSULTANTS, MRZ MANAGEMENT, LLC, DONOR RELATIONS, LLC, TPFE, INC., AMERICAN TECHNOLOGY SERVICES, COMPLIANCE CONSULTANTS, CHROME BUILDERS CONSTRUCTION, INC., and UNIFIED DATA SERVICES, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., and JOHN and JANE DOES 1-100, <br><br> Defendants. | Case No.: 2:18-cv-01919-RFB-CWH <br><br> **BANK OF AMERICA N.A.'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY** |

Defendant Bank of America, N.A. ("BANA"), by and through its attorneys, Snell & Wilmer L.L.P., hereby submits this Response to Plaintiffs' Motion for Leave to File a Surreply to Defendant's Reply in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint (ECF No. 22). This Response is based upon the papers and pleadings on file herein, the following Memorandum of Points and Authorities, and any oral argument the Court may entertain.

4850-5171-8787

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY

Plaintiffs' Motion for Leave to File a Sur-Reply ("Sur-Reply Motion) is highly misleading and meritless. Plaintiffs contend BANA asserted new arguments in its Reply in Support of Motion to Dismiss (ECF No. 20) (the "MTD Reply"). This contention is based primarily on two new cases cited in support of BANA's argument (detailed in its Motion to Dismiss) that a limitation of liability clause applies here. Plaintiffs contend these new cases constitute new arguments, thus entitling them to file a sur-reply. This contention is wrong, according to well settled law and procedural rules.

BANA's Motion to Dismiss included section F, titled "The Contract Bars Claims for Consequential or Punitive Damages." In that section, BANA identified the limitation of liability clause set forth in the Deposit Agreement and discussed why it barred Plaintiffs' consequential and punitive damages. In Plaintiffs' Response to the Motion to Dismiss (ECF No. 17) (the "MTD Response"), Plaintiffs contended the limitation of liability clause is not enforceable. Accordingly, in direct response (as is the purpose of a reply), BANA identified two cases from this Court which state that limitation of liability clauses in contracts are routinely upheld and generally valid, and further argued why the clause is enforceable here.

The briefing process on this point occurred exactly as intended by the Rules. BANA asserted an argument, Plaintiffs identified an objection, and BANA responded to that objection with additional law to support its original argument that the limitation of liability clause applies. BANA has done nothing wrong or improper. Plaintiffs' contention is unfounded and a blatant attempt for an impermissible second bite of the apple and the proverbial "last word." Sur-replies are highly disfavored and Plaintiffs do nothing to meet that burden here.

## II. ARGUMENT

### A. Legal Standard.

Leave to file a sur-reply is "discouraged", "highly disfavored", and may only be granted to "address new matters raised in a reply to which a party would otherwise be unable to respond." D. Nev. LR 7-2(b); *John Bordynuik Inc. v. JBI, Inc.*, No. 2:13-cv-01463-RFB-VCF, 2015 WL

- 2 -

4850-5171-8787

153439, at *4 (D. Nev. Jan. 13, 2015). A matter raised in reply is not "new" if it merely responds to points made in a response or opposition brief. *See Gauthier v. Eastern Oregon Correctional Institution*, No. CV 04-290-HA, 2004 WL 2260670, at *2 (D. Or. Oct. 7, 2004); s*ee also Terrell v. Contra Costa County*, 232 Fed.Appx. 626, 629, 629 n. 2 (9th Cir. Apr. 16, 2007) (unpublished in Fed. Rep.) (holding information in reply brief was not "new", and was therefore properly considered by District Court, where the reply brief expanded on facts raised in opposition); *Evans v. Encore Event Techs., Inc.*, No. 2:15-cv-1120-GMN-CWH, 2017 WL 986357, at *1, n. 1 (D. Nev. Mar. 14, 2017) (denying motion to strike declaration in support of reply because such was not "new" where it supported original argument and rebutted evidence presented in response); *U.S. v. Belshaw*, No. 07-cv-00080-RCJ-VPC, 2010 WL 11590133, at *3 (D. Nev. Mar. 30, 2010) (denying motion for leave to file sur-reply where "Defendants have not raised any new evidence or matters in their reply" and "Plaintiff's request to file a sur-reply appears to be nothing more than an attempt to present additional legal arguments on issues that were already raised and should have been addressed by Plaintiff in its opposition").

### B. There is Nothing New Warranting a Sur-Reply and Plaintiffs Fail to Meet that High Burden.

Plaintiffs argue that they are entitled to file a sur-reply because the Reply "makes fundamentally different arguments from the one made in its original Motion to Dismiss" and "cites new case law and makes new arguments." Sur-Reply Mot. 2:13-14, 2:21-22. This contention is blatantly false, misconstrues the facts, and is contrary to well-settled law.

First, there is nothing in BANA's MTD Reply that constitutes new argument or issues, entitling Plaintiffs to a "highly disfavored" sur-reply. Subsection F of BANA's Motion to Dismiss, titled "The Contract Bars Claims for Consequential or Punitive Damages", argues that the limitation of liability clause (the "Liability Clause") precludes the consequential and punitive damages sought. Mot. to Dismiss 19:16-20:2. In their MTD Response, Plaintiffs assert that the Liability Clause is unenforceable. MTD Resp. 22:15-28. In direct response to Plaintiffs' contention that the Liability Clause is unenforceable, BANA cites two cases, directly on point, from this Court, which hold that similar limitation of liability clauses are routinely upheld and

4850-5171-8787

generally valid. These authorities and supporting points are directly responsive to Plaintiffs' assertion in its MTD Response, and do not constitute new arguments.

The law is clear that points in a reply which directly address arguments in a response are permissible and do not give rise to the need for a sur-reply. *Gauthier*, 2004 WL 2260670, at *2 (denying motion to file sur-reply because new affidavits and arguments at issue were "responsive to plaintiff's arguments and, therefore, not new matters.") The Court is presented with the same scenario here. BANA's purported "new" arguments are directly responsive to those raised by Plaintiffs in their MTD Response and further support the original argument asserted in BANA's Motion to Dismiss.

Second, Plaintiffs' criticism that BANA did not explicitly address the standard for enforceability of the Liability Clause in its moving papers is irrelevant. BANA's position that the Liability Clause is enforceable is an obvious and implicit premise of its reliance on that provision. Indeed, Plaintiffs understood the argument, as their MTD Response contended the clause is not enforceable. MTD Resp. 22:15-28. Plaintiffs already had a chance to respond; and did so. Likewise, BANA is entitled to respond to Plaintiffs' assertion that the Liability Clause was not enforceable; and did so by identifying contrary case law.

What Plaintiffs actually seek is a second bite at the apple and the last word on the issue. But no law provides for that, and Plaintiffs cite none. *Kelly v. Las Vegas Metro. Police Dept.*, No. 2:12-cv-02074-LRH-CWH, 2014 WL 3725927, at *14 (D. Nev. July 25, 2014) (denying motion for leave to file sur-reply where the purported new arguments related to issues and arguments raised in the original motion); *Belshaw*, 2010 WL 11590133, at *3 ("Plaintiff's request to file a sur-reply appears to be nothing more than an attempt to present additional legal arguments on issues that were already raised and should have been addressed by Plaintiff in its opposition" and, accordingly, leave to file a sur-reply should be denied.)

Third, Plaintiffs ground their "new argument" contention in the two supporting cases BANA cites in response to Plaintiffs' enforceability assertions. Sur-Reply Mot. 2:12-20. Plaintiffs' position that citing new authority in a reply is impermissible – even if that authority is

- 4 -

1  in further support of arguments already made in the moving papers – is notably without support.
2  And the law disagrees.

3  There is no bar to citing new authority on reply, and a non-movant cannot upend well-
4  settled motion practice procedure and obtain the last word by merely claiming the need to correct
5  supposed misstatements in case law. "[A]n alleged misapplication or mischaracterization of the
6  law alone surely cannot be a sufficient basis for a surreply; otherwise, litigants would constantly
7  seek to have the last word in brief filing by claiming the other side presented the law in an
8  unfavorable manner." *U.S. v. Ormat Indus., Ltd*, No. 14-cv-00325-RCJ-VPC, 2016 WL 1298119,
9  at *6 (D. Nev. Apr. 1, 2016) (denying leave to file sur-reply); *Stillwagon v. City of Delaware*, 175
10 F. Supp. 3d 874, 890 (S.D. Ohio 2016) ("Simply citing new 'case law does not amount to the
11 raising of new arguments'") (citing *Keith v. Aerus, LLC*, No. 2:09–cv–297, 2010 WL 3883434, at
12 *3 (E.D. Tenn. 2010 Sept. 29, 2010)).

13 Plaintiffs' contention that one of the cases cited in the MTD Reply relies upon UCC
14 arguments, and is thus "new", is meritless. In the case at issue, *VeriFone, Inc. v. A Cab, LLC*, the
15 Court held that a limitation of liability clause which unambiguously precluded consequential
16 damages was enforceable under the principle that contracts should be construed and enforced as
17 written. No. 2:15-cv-00157-GMN-GWF, 2015 WL 6443126, at *2-3 (D. Nev. Oct. 23, 2015).
18 While the Court's citation to a UCC provision was relevant to its analysis, the decision did not
19 turn on that authority. *Id*. Accordingly, Plaintiffs' contention that new law is offered is
20 unfounded.

21 Fourth, the sole case upon which Plaintiffs rely, that concludes a sur-reply was appropriate,
22 is instructive and entirely distinguishable from the facts here. *See FNBN-Rescon I LLC v. Ritter*,
23 No. 2:11-cv-1867-JAD-VCF, 2014 WL 979930 (D. Nev. Mar. 12, 2014). In that case, the Court
24 denied a motion to strike a sur-reply where the original movant's reply in support of its motion for
25 summary judgment "raised new arguments" including changing the fundamental relief requested
26 in the motion by newly attempting to bifurcate the questions of liability and damages and
27 advancing "several new arguments" for why the Court should do so. *Id.* at *6. No such facts exist
28 here.

- 5 -

4850-5171-8787

### III. CONCLUSION

For the foregoing reasons, BANA respectfully requests that the Court deny Plaintiffs' Motion for Leave to File a Surreply.

Dated: December 21, 2018                    SNELL & WILMER L.L.P.

                                            By: */s/ Robin E. Perkins*
                                            Amy F. Sorenson (NV Bar 12495)
                                            Robin E. Perkins (NV Bar 9891)
                                            Kiah D. Beverly-Graham (NV Bar 11916)
                                            3883 Howard Hughes Pkwy, Ste 1100
                                            Las Vegas, Nevada  89169

                                            *Attorneys for Bank of America, N.A.*

4850-5171-8787

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing **RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY** with the Clerk of the Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED: December 21, 2018

                                        */s/ Gaylene Kim*
                                An Employee of Snell & Wilmer L.L.P.

4850-5171-8787