**THOMAS E. KIMBLE, ESQ**
Illinois Bar No. 6257935
**THE BERNHOFT LAW FIRM, S.C.**
1402 E. Cesar Chavez Street
Austin, Texas 78702
(512) 582-2100 telephone
(512) 373-3159 facsimile
tomkimbleesquire@aol.com

**JOEL F. HANSEN, ESQ.**
Nevada Bar No. 1876
**COOPER LEVENSON, P.A.**
1835 Village Center Circle
Las Vegas, Nevada 89134
(702) 366-1125: office
(702) 366-1857: facsimile
jfhansen@cooperlevenson.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD ZEITLIN, ADVANCED TELEPHONY CONSULTANTS, MRZ MANAGEMENT, LLC, DONOR RELATIONS, LLC, TPFE, INC., AMERICAN TECHNOLOGY SERVICES, COMPLIANCE CONSULTANTS, CHROME BUILDERS CONSTRUCTION, INC., and UNIFIED DATA SERVICES, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A. and JOHN and JANE DOES 1-100, <br><br> Defendants. | Case No. 2:18-cv-01919 <br><br> ORAL ARGUMENT REQUESTED |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY TO DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Richard Zeitlin ("Zeitlin"), along with the Plaintiff companies set forth in the caption above, by and through their attorneys, THE BERNHOFT LAW FIRM, S.C. and COOPER LEVENSON, P.A, and pursuant to Local Rule 7-2, hereby submit this Reply in Support of Plaintiffs' Motion for Leave to File a Surreply to Defendant's Reply in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint. (ECF No. 23) ("Response to Plaintiffs' Motion to File a Surreply"). In support thereof, Zeitlin and his associated companies state as follows:

**I.  INTRODUCTION**

The Bank's Motion to Dismiss seeks dismissal of certain counts on the ground that the deposit agreement's limitation of liability clause supposedly bars recovery of Zeitlin's damages.[1] It is beyond dispute that the Bank's opening salvo did not address the question of the enforceability of such liability limiting clauses. The Bank's Reply Memorandum, (ECF No. 20), attempted to correct this deficiency. However, in so doing, the Bank smuggled in a legal standard that is only applicable to contracts for the sale of goods that are subject to Article 2 of the Nevada Uniform Commercial Code.

The Bank's Reply Memorandum relies upon *VeriFone, Inc. v. A Cab, Ltd. Liab. Co.*, No. 2:15-cv-00157-GMN-GWF, 2015 U.S. Dist. LEXIS 144961 (D. Nev. Oct. 23, 2015), (Reply Memorandum, ECF No. 20, p. 12), an unpublished district court opinion that expressly cited to § Nev. Rev Stat. 104.2719 in determining whether to enforce a limitation of liability clause under the facts of that case. That statutory provision, however, is contained in the Nevada Uniform Commercial Code The language of that provision was taken verbatim from the generic Uniform Commercial Code Section 2-2719. Moreover, no reported Nevada state court or Ninth Circuit decision, the only decisions to which this court is bound, has ever extended that provision to a common law, non-UCC contract, such as we have here.

---

[1] The scope of the Bank's proposed liability limitation defense is unclear. One of Zeitlin's accounts has remained frozen since early August, with no explanation and no end in sight. The Bank continues to maintain that it may exercise dominion and control over these funds indefinitely without ever having to offer a substantive justification to either Zeitlin or the court. The Bank's Motion to Dismiss misreported that all of Zeitlin's accounts had been unfrozen. The Bank now appears to admit to its earlier error. However, its concession in this regard raises questions as to the scope of its liability limitation defense. At all events, in view of the Bank's concession, and the fact that at least some of Zeitlin's counts and claimed damages are not barred by the limitation of liability clause, the Bank cannot reasonable contend that the entire Complaint may be dismissed on this ground.

Incredibly, the Bank does not dispute any of the statements made in the previous paragraph, yet unabashedly urges this court to deny consideration of a document that would provide a much-needed correction to the Bank's citation to an erroneous legal standard.

Zeitlin's proposed Surreply, which is limited to consideration of new matter, argues that each of the Bank's newly discovered case authorities is distinguishable from the case at hand, and that in light of these distinguishing features, the controlling legal standards dictate that the deposit agreement's limitation of liability clause cannot be adjudged enforceable on a dispositive motion. The Bank, however, would deny consideration of these arguments and limit the court's review to the inapposite case law that the Bank cites for the first time in its Reply Memorandum. At bottom, the Bank's position collapses to a bald assertion that this court should deny leave to file a surreply because it would be in the Bank's interest for the court to do so. The court should emphatically reject this eccentric view.

## II. NONE OF THE BANK'S LAME REJOINDERS ASSERTS A CONVINCING GROUND FOR DENYING LEAVE TO FILE A SURREPLY.

The parties agree that leave to file a surreply should be granted where the proposed filing (1) addresses new matter that was raised for the first time in a reply memorandum; and (2) the surreply is limited to addressing that new material. In the case at hand, the Bank's Reply Memorandum did more than simply cite newly discovered authorities, although it did that as well. In addition, the Bank made at least two new arguments to justify enforcement of a limitation of liability clause. First, the Bank implicitly argued that the standards for determining enforceability of such clauses are the same for UCC and non-UCC contracts. Second, the Bank argued that its newly discovered case law accurately stated the applicable standards for determining enforceability of the clause under the facts at hand. Neither of these arguments was made in the Bank's opening sally and each of them is mistaken. Zeitlin could hardly have anticipated and addressed these new arguments and case authorities in his Response to Defendant's Motion to Dismiss (ECF No. 17). Moreover, Zeitlin's proposed Surreply is limited to addressing this new matter, a point the Bank apparently does not dispute. Accordingly, Zeitlin's proposed filing easily clears each of the required hurdles.

First, the Bank misleadingly suggests that its egregious errors are simply beside the point. The Bank does not deny that it failed to address the applicable standard for determining enforcement of the limitation of liability clause in its opening salvo, but somehow suggests that the omission is "irrelevant" because contract clauses are generally deemed to be enforceable. In addition to misstating Zeitlin's position, the Bank's predicate assumption is simply false. Limitation of liability clauses are not generally deemed enforceable. Instead, the standards for determining their enforceability differ from state to state, and in the case of Nevada, differ depending on whether the contract is one for the sale of goods, whether the clause is in a conspicuous location, whether it is written in all caps, whether the clause is contained in an adhesion contract, whether some other clause or policy is so unexpected as to call into question the adherent's meaningful assent, and whether application of the clause to the facts at hand would produce an unconscionable result. These points are developed in Zeitlin's proposed Surreply, the very document the Bank urges the court not to consider. In sum, enforcement of liability limiting clause is not simply a given. Indeed, we know of no reported decision in which a court enforced a limitation of liability clause without addressing the governing standard. The Bank clearly bore the burden of establishing the enforceability of such a clause and of stating its position regarding the controlling legal standards in its opening brief to ensure that Zeitlin would have an adequate opportunity to respond to the Bank's position.

The Bank clearly failed to meet this burden, and for that reason alone, the court should allow Zeitlin's to file his proposed Surreply to address this new matter. More to the point, however, Zeitlin does not rest his entire case solely on that argument as the Bank misleadingly suggests. Instead, Zeitlin correctly contends that when the Bank attempted to correct this deficiency in its Reply Memorandum, the Bank confused the common law of contracts with the statutory law governing contracts subject to Article 2 of the Uniform Commercial Code, thereby asserted the wrong standard. Because the Bank cited to case authorities for the first time in a document to which Zeitlin would be unable to respond without leave of court, it was incumbent upon the Bank to be completely transparent with the court regarding the limitations of the Bank's proposed legal standards as determined by the controlling authorities. Having abdicated this basic responsibility, the Bank cannot now reasonably complain

when Zeitlin himself discharges that same responsibility in the only vehicle available to him, the filing of a surreply. It is the height of chutzpah for the Bank to suggest that its errors could possibly be "irrelevant" to the court's resolution of the issues before it.

Second, Zeitlin is not simply trying to get "another bite at the apple," as the Bank disingenuously suggests. Instead, Zeitlin is attempting to correct the Bank's citation to the wrong legal standard and to explain why the Bank's application of that erroneous standard is not harmless error.

Third, the Bank's suggestion that the *VeriFone* court did not apply a provision of the Uniform Commercial Code to determine the enforceability of limitation of liability clause is simply false. That court expressly quoted the language of Nev. Rev. Stat. § 104.2719 as a statement of the governing standard and discussed that standard twice in the same paragraph. *VeriFone, Inc. v. A Cab, Ltd. Liab. Co.*, No. 2:15-cv-00157-GMN-GWF, 2015 U.S. Dist. LEXIS 144961, at *5 (D. Nev. Oct. 23, 2015). The Bank loses argumentative credibility when it denies what the *VeriFone* court unambiguously stated. No Nevada state court or Ninth Circuit decision interpreting Nevada law has ever extended that UCC provision to a non-UCC contract. Moreover, the *VeriFone* court never explained why the Nevada Supreme Court would apply the UCC provision to a common law contract, and the Bank does not attempt to do so here. These are the relevant considerations. The Bank does not dispute any of them. The Bank should have been candid with the court when citing a case for the first time in its Reply Memorandum. The Bank's lack of candor is an argument in favor of allowing a surreply, not against it.

Finally, the Bank attempts to distinguish the case at hand from one of three cases Zeitlin cited in his Motion for Leave to File a Surreply regarding the generic standard for granting such leave and somehow suggests that allowing Zeitlin to file his proposed Surreply would be inappropriate here. The Bank's suggestion is meritless on its face because the Bank never explains why the distinctions matter or why they justify denying Zeitlin leave to file here. As explained above, the Bank made at least two new arguments in its Reply Memorandum and misstated black letter law by confusing the law governing UCC and non-UCC contracts. By any fair reading, this is clearly new matter, and Zeitlin would be greatly prejudiced were he denied the opportunity to respond.

## CONCLUSION

At bottom, each of the Bank's rejoinders reduces to a single assertion: leave to file a surreply should be denied because Zeitlin should have been clairvoyant. Zeitlin's purported "fatal error" is that he failed to anticipate the Bank's errors and respond accordingly in his response memorandum. The Bank's errors and misstatement of applicable legal standards, however, could hardly have been anticipated and addressed in Zeitlin's response. In the end, the Bank is asking this court to impose an insurmountable burden on any party seeking to file a surreply. The Court should reject that invitation and grant Zeitlin's Motion for Leave to File a Surreply.

Respectfully submitted on December 28, 2018.

**THE BERNHOFT LAW FIRM, S.C.**

  /s/ Thomas E. Kimble
THOMAS E. KIMBLE, ESQ
Illinois Bar No, 6257935
1402 E. Cesar Chavez Street
Austin, Texas 78702
Attorney for Plaintiffs, *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY TO DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND INCORPORATED MEMORANDUM OF LAW** with the Clerk of the Court for the U. S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED: December 28, 2018

      /s/ Thomas E. Kimble
      Attorney for Plaintiffs