Amy F. Sorenson, Esq.
Nevada Bar No. 12495
Blakeley E. Griffith, Esq.
Nevada Bar No. 12386
Kiah D. Beverly-Graham, Esq.
Nevada Bar No. 11916
SNELL & WILMER L.L.P.
3883 Howard Hughes Pkwy, #1100
Las Vegas, Nevada 89169
Telephone: 702-784-5200
Facsimile: 702-784-5252
Email: asorenson@swlaw.com
       bgriffith@swlaw.com
       kbeverly@swlaw.com

*Attorneys for Defendant Bank of America, N.A.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD ZEITLIN, ADVANCED TELEPHONY CONSULTANTS, MRZ MANAGEMENT, LLC, DONOR RELATIONS, LLC, TPFE, INC., AMERICAN TECHNOLOGY SERVICES, COMPLIANCE CONSULTANTS, CHROME BUILDERS CONSTRUCTION, INC., and UNIFIED DATA SERVICES,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., and JOHN and JANE DOES 1-100,<br><br>Defendants. | Case No.: 2:18-cv-01919-RFB-CWH<br><br>**BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant Bank of America, N.A. ("BANA"), by and through its attorneys, Snell & Wilmer L.L.P., hereby responds to Plaintiffs' Complaint dated October 5, 2018 (ECF No. 1) (the "Complaint").

## INTRODUCTION

1. BANA admits that this is a civil action and that Plaintiffs seek relief as alleged in Paragraph 1 of the Complaint. BANA denies that Plaintiffs are entitled to the relief alleged in

4829-9875-4454

Paragraph 1 of the Complaint or that it acted improperly or in violation of Nevada common or statutory law with respect to Plaintiffs or their bank accounts. BANA is without knowledge or information sufficient to form a belief as to whether this action may be brought as a diversity action as alleged in Paragraph 1 of the Complaint and therefore denies the same. With respect to the allegation that this is a diversity action, BANA notes that the Complaint does not allege the citizenship of each member of the LLC Plaintiffs as required to adequately allege diversity jurisdiction. BANA denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. BANA denies the allegations contained in Paragraph 2 of the Complaint.

3. BANA denies the allegations contained in Paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4. BANA admits that this is a civil action and that Plaintiffs seek relief as alleged in Paragraph 4 of the Complaint. BANA denies that Plaintiffs are entitled to the relief alleged in Paragraph 4 of the Complaint. BANA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint and therefore denies the same.

5. BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies the same.

### THE PARTIES

6. BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies the same.

7. BANA admits that its main office and principal place of business is in North Carolina and that it does business in the state of Nevada. BANA denies the remaining allegations contained in Paragraph 7 of the Complaint.

### FACTS APPLICABLE TO ALL COUNTS

8. BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore denies the same.

9. BANA denies the allegations contained in Paragraph 9 of the Complaint.

10. BANA denies the allegations contained in Paragraph 10 of the Complaint.

4829-9875-4454

11. BANA denies the allegations contained in Paragraph 11 of the Complaint.

12. BANA denies the allegations contained in Paragraph 12 of the Complaint.

13. BANA denies the allegations contained in Paragraph 13 of the Complaint.

14. BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies the same.

15. BANA denies the allegations contained in Paragraph 15 of the Complaint.

16. BANA denies the allegations contained in Paragraph 16 of the Complaint.

17. BANA denies the allegations contained in Paragraph 17 of the Complaint.

18. BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore denies the same.

19. BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore denies the same.

20. BANA denies the allegations contained in Paragraph 20 of the Complaint.

21. BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore denies the same.

22. BANA denies the allegations contained in Paragraph 22 of the Complaint.

23. BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore denies the same.

24. BANA denies the allegations contained in Paragraph 24 of the Complaint.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

25. In response to Paragraph 25 of the Complaint, BANA repeats and re-alleges its responses and denials as set forth above in this Answer.

26. BANA admits that Plaintiffs entered into account agreements with respect to each of the deposit agreements identified in the Complaint. BANA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint and therefore denies the same.

27. BANA denies the allegations contained in Paragraph 27 of the Complaint and respectfully refers the Court to the terms of the Deposit Agreement which speaks for itself.

28. BANA denies the allegations contained in Paragraph 28 of the Complaint.

29. BANA denies the allegations contained in Paragraph 29 of the Complaint and respectfully refers the Court to the terms of the Deposit Agreement which speaks for itself.

30. BANA denies the allegations contained in Paragraph 30 of the Complaint.

31. BANA denies the allegations contained in Paragraph 31 of the Complaint.

32. BANA denies the allegations contained in Paragraph 32 of the Complaint.

33. BANA denies the allegations contained in Paragraph 33 of the Complaint.

34. BANA denies the allegations contained in Paragraph 34 of the Complaint.

## SECOND CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

35. In response to Paragraph 35 of the Complaint, BANA repeats and re-alleges its responses and denials as set forth above in this Answer.

36. BANA denies the allegations contained in Paragraph 36 of the Complaint.

37. BANA denies the allegations contained in Paragraph 37 of the Complaint.

## THIRD CAUSE OF ACTION

## VIOLATION OF NEVADA DECEPTIVE TRADE PRACTICES ACT
(Nev. Rev. Stat. Ann. § 598.0903 *et seq.*)

38. In response to Paragraph 38 of the Complaint, BANA repeats and re-alleges its responses and denials as set forth above in this Answer.

39. Answering Paragraph 39 of the Complaint, BANA affirmatively states that on or about April 25, 2019, the Court dismissed this claim for relief and therefore no response is required. To the extent a response is required, BANA states that Nev. Rev. Stat. Ann. § 598.0923 speaks for itself and denies any allegations inconstant therewith. BANA denies the allegations contained in Paragraph 39 of the Complaint to the extent they imply any wrongdoing by BANA. BANA is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 39 of the Complaint and therefore denies the same.

40. Answering Paragraph 40 of the Complaint, BANA affirmatively states that on or about April 25, 2019, the Court dismissed this claim for relief and therefore no response is required. To the extent a response is required, BANA denies the allegations contained in Paragraph 40 of the Complaint.

41. Answering Paragraph 41 of the Complaint, BANA affirmatively states that on or about April 25, 2019, the Court dismissed this claim for relief and therefore no response is required. To the extent a response is required, BANA denies the allegations contained in Paragraph 41 of the Complaint.

42. Answering Paragraph 42 of the Complaint, BANA affirmatively states that on or about April 25, 2019, the Court dismissed this claim for relief and therefore no response is required. To the extent a response is required, BANA denies the allegations contained in Paragraph 42 of the Complaint.

43. Answering Paragraph 43 of the Complaint, BANA affirmatively states that on or about April 25, 2019, the Court dismissed this claim for relief and therefore no response is required. To the extent a response is required, BANA denies the allegations contained in Paragraph 43 of the Complaint.

**FOURTH CAUSE OF ACTION**

**CONVERSION**

44. In response to Paragraph 44 of the Complaint, BANA repeats and re-alleges its responses and denials as set forth above in this Answer.

45. Answering Paragraph 45 of the Complaint, BANA affirmatively states that on or about April 25, 2019, the Court dismissed this claim for relief and therefore no response is required. To the extent a response is required, BANA denies the allegations contained in Paragraph 45 of the Complaint.

46. Answering Paragraph 46 of the Complaint, BANA affirmatively states that on or about April 25, 2019, the Court dismissed this claim for relief and therefore no response is required. To the extent a response is required, BANA denies the allegations contained in Paragraph 46 of the Complaint.

47. Answering Paragraph 47 of the Complaint, BANA affirmatively states that on or about April 25, 2019, the Court dismissed this claim for relief and therefore no response is required. To the extent a response is required, BANA denies the allegations contained in Paragraph 47 of the Complaint.

## FIFTH CAUSE OF ACTION

## DECLARATORY AND INJUNCTIVE RELIEF

48. In response to Paragraph 48 of the Complaint, BANA repeats and re-alleges its responses and denials as set forth above in this Answer.

49. BANA denies the allegations contained in Paragraph 49 of the Complaint.

50. BANA denies the allegations contained in Paragraph 50 of the Complaint.

51. BANA admits that Plaintiffs seek relief as alleged in Paragraph 51 of the Complaint. BANA denies that Plaintiffs are entitled to the relief alleged in Paragraph 51 of the Complaint and that the "Freezing Clause" is unconscionable, void as against public policy, or unenforceable. BANA denies the remaining allegations contained in Paragraph 51 of the Complaint.

52. BANA admits that Plaintiffs seek relief as alleged in Paragraph 52 of the Complaint. BANA denies that Plaintiffs are entitled to the relief alleged in Paragraph 52 of the Complaint and that any of Plaintiffs' accounts remain frozen. BANA denies the remaining allegations contained in Paragraph 52 of the Complaint.

53. BANA denies any and all other allegations contained in the Complaint, whether specifically alleged or implied.

## RESPONSE TO PRAYER FOR RELIEF

BANA denies that Plaintiffs are entitled to any actual, statutory, punitive, or exemplary damages; attorneys' fees and costs; declaratory or injunctive relief; or any other form of relief against BANA as set forth in the Complaint's prayer for relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs are barred from any recovery in this action because the Complaint fails to state a

claim against BANA upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Contractually Permissible Actions)

Plaintiffs are barred from any recovery in this action because the wrongful acts alleged in the Complaint are all expressly permissible pursuant to the relevant contracts.

## THIRD AFFIRMATIVE DEFENSE

### (Performance of Obligations by BANA)

Plaintiffs are barred from any recovery in this action because BANA appropriately, completely, and fully performed any and all contractual, common law, statutory, and other duties and obligations to Plaintiffs arising out of the matters alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Non-Performance of Obligations by Plaintiffs)

Plaintiffs are barred from any recovery in this action because they failed to perform their obligations under the relevant contracts.

## FIFTH AFFIRMATIVE DEFENSE

### (No Breach of Implied Covenant of Good Faith)

Plaintiffs are barred from any recovery on their cause of action for Breach of the Implied Covenant of Good Faith and Fair dealing because the purported wrongdoing is an alleged violation of actual terms of the relevant contracts.

## SIXTH AFFIRMATIVE DEFENSE

### (No Breach of Implied Covenant of Good Faith)

Plaintiffs are barred from any recovery on their cause of action for Breach of the Implied Covenant of Good Faith and Fair dealing because the purported wrongdoing was not in contravention of the intention or spirit of the relevant contracts.

## SEVENTH AFFIRMATIVE DEFENSE

### (Economic Loss Doctrine)

Plaintiffs are barred from any recovery on their non-contract causes of action because such are barred by the economic loss doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

### (Pleading with Particularly)

Plaintiffs are barred from recovery on their claims for fraud, or sounding in fraud, because Plaintiffs have failed to plead the alleged fraud with the requisite particularity.

## NINTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

Plaintiffs are barred from any recovery in this action by the equitable doctrines of laches and failure to do equity with respect to the matters alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiffs are barred from any recovery in this action because, by reason of Plaintiffs' acts and omissions, Plaintiffs have waived their rights and are estopped from asserting claims against BANA.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

Plaintiffs are barred from any recovery in this action because they have acted in bad faith with respect to the matters alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs are barred from any recovery in this action because they have unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

Plaintiffs are barred from recovery to the extent any of their causes of action arise from the purported failure to return funds in their bank accounts because such causes of action are moot.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or repose.

4829-9875-4454

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

At all times relevant to Plaintiffs' allegations, BANA's actions were taken in good faith, for legitimate purposes, and for just cause, and at no time did BANA act wrongfully or with malice or reckless indifference toward Plaintiffs' purported rights.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Damages)**

Plaintiffs have failed to allege a legally sufficient basis, in fact or in law, upon which to predicate an award of punitive or exemplary damages or attorneys' fees and costs and such damages are, accordingly, not recoverable.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Consequential Damages)**

Plaintiffs seek consequential damages which do not flow reasonably or foreseeably from the alleged breaches and are accordingly not recoverable.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Contractual Limitation of Liability)**

Plaintiffs' seek damages for special, incidental, exemplary, punitive, or consequential damages which are barred by the terms of the relevant contracts and are accordingly not recoverable.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Mitigation)**

Plaintiffs failed to mitigate, minimize, or otherwise avoid their losses, damages, or expenses.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Failure to Allege Diversity)**

Plaintiffs have failed to adequately allege the Court's diversity jurisdiction because they have not alleged the citizenship of each member of the LLC Plaintiffs.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

All possible affirmative defenses may not have been alleged insofar as sufficient facts are not available after reasonable inquiry upon the filing of Plaintiffs' Complaint. Therefore, BANA reserve the right to amend this Answer to allege additional affirmative defenses and claims, counterclaims, crossclaims, or third-party claims, as applicable, upon further investigation and discovery.

WHEREFORE, having fully defended, BANA, prays for the following relief:

A.  That the Complaint be dismissed with prejudice, and that Plaintiffs take nothing thereby;

B.  That BANA be awarded its costs and attorneys' fees as allowed by law; and

C.  For such other and further relief as the Court deems just and proper.

DATED this 10th day of May 2019.

SNELL & WILMER L.L.P.

By: */s/ Blakeley E. Griffith*
Amy F. Sorenson, Esq.
Nevada Bar No. 12495
Blakeley E. Griffith, Esq.
Nevada Bar No. 12386
Kiah D. Beverly-Graham, Esq.
Nevada Bar No. 11916
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

*Attorneys for Defendant Bank of America, N.A.*

4829-9875-4454

**CERTIFICATE OF SERVICE**

I certify that on this day a copy of the foregoing was served by the Court's CM/ECF system on counsel of record for all parties to this action.

DATED:  May 10, 2019.

/s/  Lara J. Taylor
An employee of Snell & Wilmer L.L.P.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

4829-9875-4454