**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| RICHARD ZEITLIN, ET AL., | Case No. 2:18-cv-01919-RFB-DJA |
| Plaintiffs, | |
| v. | **ORDER** |
| BANK OF AMERICA, N.A., ET AL., | |
| Defendants. | |

This matter is before the Court on the Plaintiffs' Motion to Seal (ECF No. 48), filed on May 19, 2020.  It pertains to the sealing of exhibits from Plaintiffs' Motion to Compel (ECF No. 49), later filed on May 26, 2020.  Plaintiffs contend that several exhibits utilized in its Motion to Compel have been designated as confidential under the Protective Order (ECF No. 43) by Defendant Bank of America, N.A.  However, Plaintiffs note that they "vigorously contest that good cause exists to keep any of these documents" sealed and argues that disclosure is in the public's interest.  (ECF No. 48, p. 2).

Defendant Bank of America, N.A. filed a response in the form of their own Motion to Seal (ECF No. 53) and Declaration in support (ECF No. 54), on June 9, 2020.  It claims that the good cause standard for sealing applies and the Motion to Compel along with Exhibits A-C should remain sealed because they relate to its confidential investigatory methods that will undermine its ability to detect and prevent illegal activity.  It does not object to the unsealing of the remainder of the Motion to Compel Exhibits L-M and X-Z along with Plaintiffs' declarations.

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  Specifically, a party seeking to seal judicial records bears the burden

of meeting the "compelling reasons" standard, as previously articulated in *Kamakana*. 447 F.3d 1172. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097. The labels of "dispositive" and "nondispositive" will not be the determinative factor for deciding which test to apply because the focal consideration is "whether the motion is more than tangentially related to the merits of a case." *Id.*, at 1101.

Significantly, the fact that the Court has entered a stipulated protective order in this matter and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The Court approved the protective order to facilitate discovery exchanges, but there has been no showing, and the Court has not found, that any specific documents are secret or confidential. If the sole ground for a motion to seal is that the opposing party has designated a document as confidential, the designator shall file either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

The Court finds that the good cause standard has been met here. Although the fact that the information was disclosed as confidential under the Protective Order is not alone sufficient, it is the type of confidential internal investigation information that may be protected by *Ctr. for Auto Safety*. 809 F.3d at 1097. The Court finds that protecting confidential investigation information is a compelling reason to seal Exhibits A-C to the Motion to Compel (ECF No. 49). *See, e.g., Youtoo Techs., Inc. v. Twitter, Inc.*, 2017 WL 3396496 at *2 (D. Nev. Aug. 7, 2017). It is not persuaded by Plaintiffs' generic argument that some of the information may be found in the

public domain as Plaintiffs have utilized Defendants' version of the documents rather than any publicly accessible copies.

As for the remainder of Plaintiffs' Motion to Compel (ECF No. 49), Defendant maintains that because references to Exhibits A-C are included in the actual Motion, it should remain sealed rather than redacted. The Court does not agree. It finds that a redacted copy of the Motion should be filed instead of keeping the entire Motion sealed as the good cause standard does not require the entire Motion to be sealed. Only references to information contained in Exhibits A-C should be redacted and Plaintiffs shall file the redacted version within seven days.

Finally, Defendant withdraws its confidential designation for Exhibits L-M and X-Z to the Motion to Compel (ECF No. 49) and does not object to the declarations attached to Plaintiffs' Motion to Compel being unsealed. As a result, the Court will order ECF No. 49-4 through 49-13 and 49-24 through 49-28 unsealed. Defendant did not address Exhibits N through W and as Plaintiffs also did not support those exhibits remaining sealed, the Court will unseal them.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Seal (ECF No. 48) is **granted in part and denied in part.** Plaintiffs shall file a redacted version of their Motion to Compel (ECF No. 49) with redacted reference to Exhibits A-C within seven days of this order.

IT IS FURTHER ORDERED that Defendant's Motion to Seal (ECF No. 53) is **granted in part and denied in part.**

IT IS FURTHER ORDERED that Defendant's Motion to Seal (ECF No. 53), Declaration (ECF No. 54), and Plaintiffs' Motion to Compel (ECF No. 49) along with Exhibits A-C to Plaintiffs' Motion to Compel (ECF Nos. 49-1 through 49-3) may remain under seal.

IT IS FURTHER ORDERED that the Clerk of the Court shall unseal Exhibits L-Z along with Plaintiffs' supporting Declarations, which are attached to Plaintiffs' Motion to Compel as ECF Nos. 49-4 through 49-28.

DATED: June 10, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE