UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD ZEITLIN, ET AL., | Case No. 2:18-cv-01919-RFB-DJA |
| Plaintiffs, | |
| v. | **ORDER** |
| BANK OF AMERICA, N.A., ET AL., | |
| Defendants. | |

This matter is before the Court on the Plaintiffs' Motion to Compel (ECF No. 49) (Redacted Version ECF No. 58 filed on June 16, 2020), filed on May 26, 2020.  The Court also considered Defendant's Response (ECF No. 62) and Declaration (ECF No. 63), filed on June 22, 2020.

This matter is also before the Court on Plaintiffs' Motion to Unseal (ECF No. 52), filed on June 4, 2020.  The Court also considered Defendant's Response (ECF No. 67), filed on July 2, 2020 and Plaintiffs' Reply (ECF No. 70), July 13, 2020.

Further, Plaintiffs filed a Second Motion to Seal (ECF No. 69) on July 13, 2020 and a Third Motion to Seal (ECF No. 72) on July 16, 2020.  Defendant's Response (ECF No. 74) was filed on July 20, 2020 and Plaintiffs' Reply (ECF No. 76) was filed on July 27, 2020.  Finally, the Court notes that Defendant withdrew its Motion to Require Plaintiffs to File Their Motion to Unseal (ECF No. 68).

The Court finds these matters properly resolved without a hearing.  LR 78-1.

**I.      BACKGROUND**

Plaintiffs' Motion to Compel seeks to require Defendant to supplement is discovery responses to clarify its objections, add additional narrative responses to interrogatories, and provide further documents in response to the requests.  Further, Plaintiffs' filing of the Motion to

1. Compel triggered an extensive number of filings regarding sealing, which cumulated in a
2. challenge to the operative Protective Order governing the designation of discovery documents as
3. confidential.  The Court previously issued an order analyzing the propriety of sealing certain
4. discovery documents attached to the Motion to Compel.  (ECF No. 55).  In doing so, it reviewed
5. the governing standard to seal and reasons for Defendant's confidentiality designations on the
6. documents presented to the Court.  Defendant opposes the Motion to Compel contending it has
7. provided all responsive documents and further supplementation would be overly burdensome and
8. disproportionate.  It also clarifies its position that it never waived protection of the confidentiality
9. of discovery documents that Plaintiffs filed on the public docket, but at this point given that some
10. documents have been publicly disclosed, it will permit those to move forward as unsealed.  As
11. such, the Court will now address the remainder of the dispute.

12. **II.    DISCUSSION**
13.     **a.  Motion to Compel**
14.     Fed.R.Civ.P. 33 requires the responding party to serve its answers or any objections
15. within 30 days after being served with written interrogatories.  Fed.R.Civ.P. 34 requires a party
16. upon whom document requests are served to respond in writing within 30 days after being served
17. with the requests.  The "failure to object to discovery requests within the time required constitutes
18. a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473
19. (9th Cir. 1992); *see also Haddad v. Interstate Management Co., LLC*, 2012 WL 398764, * 1 (D.
20. Nev. 2012) (same).
21.     Further, Fed.R.Civ.P. 26(b)(1) provides for broad and liberal discovery.  "Parties may
22. obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or
23. defense."  *Id.*  However, a court may limit discovery via Rule 26(c), which permits the court to
24. issue a protective order to protect a party or person from annoyance, embarrassment, oppression,
25. or undue burden or expense when the party establishes good cause.  For good cause to exist, the
26. party seeking protection bears the burden of showing specific prejudice or harm will result if no
27. protective order is granted.  *See Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th
28. Cir. 1992).  Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific

examples or articulated reasoning." *Id*; *see also Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003) (*citing San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that the party must make a particularized showing of good cause)). The Supreme Court has interpreted the language of Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Additionally, the Supreme Court has acknowledged that the "trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id.*

Here, the Court examined whether the information sought by all of Plaintiffs' interrogatories and requests for production at issue was relevant to a party's claim or defense and proportional to the needs of the case. It finds that Plaintiffs largely carried their burden of demonstrating relevance, but notes that the issues relevant to the breach of contract and implied covenant claims are limited. As the District Judge outlined at the Motion to Dismiss hearing, the scope of discovery is limited to the question of why the accounts were frozen and whether that was consistent with the reasonable expectation of the parties. As such, some of Plaintiffs' discovery requests appear to be overly broad. Moreover, Plaintiffs' Motion fails to adequately set forth the text of the request and response and explain the meet and confer result on each item, as required by the Local Rules.

For the proportionality analysis, the Court considered the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(1); *see also Caballero v. Bodega Latina Corp.*, 2017 WL 3174931 at *2 (D. Nev. July 25, 2017). Ultimately, the Court finds supplementation by Defendant is not necessary as it timely responded with sufficient responses. The Court accepts Defendant's representation that it has produced all responsive documents as the Bank Secrecy Act applies to warrant Defendant's withholding of specific documents under its disclosure prohibition. See, e.g. Johnson v. Wells Fargo Bank, N.A., 132

Nev. 704, 705-708 (2016).  Moreover, further supplementation of the interrogatory answers to either address the objections provided or add more details to the response is not proportional. Plaintiffs may proceed with depositions to obtain additional narrative responses, but the Court finds that Rule 33 does not require further expansion on the answers provided by Defendant at this time as it would not be proportional to the needs of the case to comply with Plaintiffs' overly broad requests.

Finally, the Court finds that sanctions are not warranted at this time as Plaintiffs did not succeed on their motion.  Moreover, it encourages the parties to continue to meet and confer in good faith to resolve further discovery disputes as it appears as though the disputes at issue here could have been resolved with additional effort by counsel.  Indeed, it will not address issues raised by Plaintiffs in specific detail as they have not been subject to an adequate meet and confer effort prior to bringing them to the Court.  The Court notes that Defendant offered to amend its responses to the interrogatories and requests for production to clarify which documents apply to each request.  It also provided supplemental disclosures to identify witnesses.  As such, this dispute was raised prematurely by Plaintiffs and it appears as though the majority of it could have been resolved informally.  It will deny Plaintiffs' Motion.

### b. Motions Regarding Sealing

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  Specifically, a party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as previously articulated in *Kamakana*.  447 F.3d 1172.  Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097. The labels of "dispositive" and "nondispositive" will not be the determinative factor for deciding

which test to apply because the focal consideration is "whether the motion is more than tangentially related to the merits of a case." *Id.*, at 1101.

Significantly, the fact that the Court has entered a stipulated protective order in this matter and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The Court approved the protective order to facilitate discovery exchanges, but there has been no showing, and the Court has not found, that any specific documents are secret or confidential. If the sole ground for a motion to seal is that the opposing party has designated a document as confidential, the designator shall file either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

In this case, the Court already issued an Order regarding the parties' dispute over documents designated as confidential under the operative protective order that are related to the Motion to Compel. (ECF No. 55). The three motions at issue here center around Exhibit S to the Motion to Compel that Defendant contends it would have sought to remain sealed as confidential, but it was overlooked. Now that the information has been publicly disclosed, Defendant indicates it does not want to waste Court resources on sealing the information and does not object to the public filing of the Reply and Opposition. As such, the Court finds that Defendant has not waived its right to protect its confidential information under the protective order in the future as the Court's previous explanation in its Order ECF No. 55 would have encompassed Exhibit S, but it will accept Defendant's position that Plaintiffs' Reply (ECF No. 70) and Response (ECF No. 73) can be unsealed.

As for Plaintiffs' request to vacate the Protective Order entered in this case to govern confidentiality of discovery materials, the Court finds it to be without merit. Plaintiffs failed to meet and confer adequately to work with Defendant on their issues regarding the current protective order. Clearly, this has caused Plaintiffs to be confused about the scope of the

1 Protective Order and resulted in a significant clogging of the Court's docket with unnecessary
2 filings and a waste of Court resources.  The parties have agreed on the Protective Order (ECF No.
3 42) and the Court approved it with supplemental language regarding sealing (ECF No. 43).
4 Plaintiffs need to meet and confer on each specific document they seek to challenge Defendant's
5 confidentiality designation prior to seeking Court intervention.

6 After careful consideration of the parties' arguments and the relevant authority, the Court
7 finds that the circumstances do not warrant de-designating all documents that Defendant has
8 labeled as confidential.  Likewise, the Court does not find Plaintiffs' position to be persuasive
9 enough to warrant unsealing previously sealed documents.  As the Court has explained, it
10 followed Ninth Circuit authority regarding sealing, considered the sealed documents on an item
11 by item basis, and properly found good cause for sealing them.  It does not find that the Protective
12 Order is impending Plaintiffs' ability to prosecute this case or proceed through discovery.  As
13 such, Plaintiffs' request to unseal is denied.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (ECF No. 49) (Redacted Version ECF No. 58) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Unseal (ECF No. 52) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Second Motion to Seal (ECF No. 69) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Third Motion to Seal (ECF No. 72) is **denied**.

**IT IS FURTHER ORDERED** that the following filings shall be unsealed by the Clerk's Office: ECF Nos. 70 and 73.

DATED: August 10, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE