# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Richard Zeitlin, et al., | Case No. 2:18-cv-01919-RFB-BNW |
| Plaintiffs, | |
| v. | **Order re ECF No. 175** |
| Bank of America, N.A., | |
| Defendant. | |

Before the Court is Plaintiffs' motion to seal. ECF No. 175 (Errata at ECF No. 179). Defendant Bank of America filed a joinder. ECF No. 184.

Plaintiffs seek to seal the Reply in Support of the Refiled Second Motion to Compel Discovery and for Sanctions, the Supporting Declaration, and certain attached Exhibits. All of these documents are currently sealed at ECF No. 177.

Plaintiffs rely on this Court's previous orders (at ECF Nos. 135 and 141) and explain that this Court has already found good cause to maintain the exhibits in question sealed.

**I.   ANALYSIS**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that

outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access also applies to technically non-dispositive motions and attached documents if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) (citing *Kamakana*, 447 F.3d at 1180). Under Federal Rule of Civil Procedure 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in non-dispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a non-dispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

The documents in question relate to a discovery motion, which is neither dispositive nor more than tangentially related to the underlying cause of action. As a result, the good cause standard applies.

Here, good cause exists because the documents in question relate to the Bank's non-public investigatory methods or contain other non-public information which the Bank maintains as confidential. Public disclosure will undermine the Bank's ability to detect and prevent illegal activity in its accounts because it will give future wrongdoers insight into its processes for monitoring for such activity. In addition, the Bank's chart at pages 2–3 of ECF No. 184 show the corresponding exhibits for which this Court has previously found good cause to seal.

Of note, the Bank explains that the information derived from those exhibits are not extensively quoted or summarized in Plaintiffs' Reply in Support of Refiled Second Motion to Compel (at ECF No. 177.) Therefore, the Bank does not seek to seal or redact the related briefing and supporting Declaration. The Court agrees.

## II.   CONCLUSION AND ORDER

**IT IS ORDERED** that Plaintiffs' Motion to Seal (at ECF No. 175) is **GRANTED** in part and **DENIED** in part.

The Clerk of Court is directed to maintain all documents filed at ECF No. 177 under seal. Counsel shall meet and confer by no later than 10/18/2021 to determine if redactions to (1) the Reply in Support of the Refiled Second Motion to Compel Discovery and for Sanctions as well as (2) the Declaration are necessary. The Court will only allow redactions to the portions of the documents that refer to the sealed exhibits above.

Plaintiffs must re-file the Reply and Declaration (with or without redactions) by 10/25/2021. The Court notes that the unsealed exhibits and documents in relation to the Refiled Second Motion to Compel Discovery and for Sanctions are at ECF No. 176.

DATED: September 30, 2021

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE