# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Richard Zeitlin, et al., | Case No. 2:18-cv-01919-RFB-BNW |
| Plaintiffs, | |
| v. | **Order re ECF No. 183** |
| Bank of America, N.A., | |
| Defendant. | |

Before the Court is Defendant's motion to seal. ECF No. 183. As discussed in detail below, no response is required, as this Court has already found good cause in previous orders to maintain these documents under seal.

Defendant Bank of America seeks to seal certain documents in support of their opposition to Plaintiffs' Refiled Second Motion to Compel Discovery and for Sanctions. The documents sought to be sealed are currently under seal at ECF No. 169.

Defendant relies on this Court's previous orders (at ECF Nos. 135 and 141) and explains that this Court has already found good cause to maintain the exhibits in question sealed.

**I.   ANALYSIS**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to

1  seal the record must articulate compelling reasons supported by specific factual findings that
2  outweigh the general history of access and the public policies favoring disclosure, such as the
3  public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal
4  quotation marks and citations omitted). The Ninth Circuit has further held that the full
5  presumption of public access also applies to technically non-dispositive motions and attached
6  documents if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto*
7  *Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

8      "[A] different standard applies to 'private materials unearthed during discovery,' as such
9  documents are not part of the judicial record." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678
10 (9th Cir. 2009) (citing *Kamakana*, 447 F.3d at 1180). Under Federal Rule of Civil Procedure
11 26(c), a court may enter a protective order "to protect a party or person from annoyance,
12 embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of
13 Rule 26(c) is whether good cause exists to protect the information from being disclosed to the
14 public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d
15 at 678 (quotation omitted). Given the "weaker public interest in non-dispositive materials," the
16 court applies the good cause standard in evaluating whether to seal documents attached to a non-
17 dispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related,
18 to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive
19 materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*,
20 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

21     The documents in question relate to a discovery motion, which is neither dispositive nor
22 more than tangentially related to the underlying cause of action. As a result, the good cause
23 standard applies.

24     Here, good cause exists because the documents in question relate to the Bank's non-public
25 investigatory methods or contain other non-public information which the Bank maintains as
26 confidential. Public disclosure will undermine the Bank's ability to detect and prevent illegal
27 activity in its accounts because it will give future wrongdoers insight into its processes for
28

monitoring for such activity. In addition, the Bank's chart at page 2 of ECF No. 183 shows the corresponding exhibits for which this Court has previously found good cause to seal.

## II. CONCLUSION AND ORDER

**IT IS ORDERED** that Defendant's Motion to Seal (at ECF No. 183) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to maintain all documents filed at ECF No. 169 under seal.

DATED: September 30, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE