UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

Richard Zeitlin, et al.,

            Plaintiffs,

    v.

Bank of America, N.A.,

            Defendant.

Case No. 2:18-cv-01919-RFB-BNW

**ORDER**

Before the Court is Plaintiffs' motion for sanctions and motion to compel. ECF No. 148. Defendant Bank of America (BOFA) opposed at ECF No. 170. Plaintiffs' reply is at ECF No. 174.

**I.    Background**

Plaintiffs argue BOFA failed to produce a prepared and educated Rule 30(b)(6) deponent. This is based on two general contentions: (1) the deponent was unable to provide answers to noticed topics, and (2) the answers the deponent *did* provide relied on the attorney's investigation (as opposed to the deponent's independent research). As a result, Plaintiffs request sanctions under Federal Rule of Civil Procedure 37(a) and/or Rule 37(d) in the form of (1) BOFA re-designating a 30(b)(6) witness at their expense, (2) ordering BOFA to pay costs and fees in relation to the past Rule 30(b)(6) deposition, (3) ordering BOFA to pay costs and fees for having to bring this motion, and (4) precluding BOFA from presenting any evidence at summary judgment or trial in support of their affirmative defenses.

BOFA responds by pointing out that that the motion is untimely, and that in any event, the Rule 30(b)(6) witness was properly prepared for the topics the bank had agreed were proper. As a result, it argues sanctions are not appropriate, or in the alternative, that the conduct was substantially justified. In addition, BOFA itself seeks fees for having to respond to Plaintiffs' motion.

**II.     Analysis**

   **A.     Whether Plaintiffs' motion was timely**

BOFA argues the motion is untimely, as discovery deadlines have lapsed, and dispositive motions have been briefed.

Plaintiffs rely on the complicated procedural background of this case to explain why the motion is timely.

There is no specific deadline enunciated in the governing rules with respect to when a motion to compel discovery must be filed. *Wyles v. Sussman*, 445 F. Supp. 3d 751, 755 (C.D. Cal. 2020). Whether a motion is timely is guided by whether the movant unduly delayed in seeking relief. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). It has been presumed in this district that, absent unusual circumstances, the outer limit for filing a motion to compel is the deadline for filing dispositive motions. *Id*.

In analyzing the timeliness issue, the court in *Rogers v. Brauer Law Offices, PLC* 2011 WL 3665346 *4 (D. Ariz. 2011), provided a useful, non-exhaustive list of factors that courts can consider in determining the timeliness of a motion to compel: (1) the length of time since expiration of the deadline, (2) the length of time the moving party has known about the discovery, (3) whether the discovery deadline has been previously extended, (4) the explanation for the tardiness or delay, (5) the age of the case, (6) any prejudice to the party from whom the discovery is sought, and (7) disruption of the court's schedule.

   **i.     Relevant timeline**

The Court begins by explaining the procedural background involving discovery disputes in this case given the importance to the ultimate determination.

Plaintiffs first filed a motion to compel on May 26, 2020 (ECF No. 49) requesting that BOFA supplement interrogatory responses and provide additional documents in response to certain requests. On August 10, 2020 Judge Albregts denied that motion (ECF No. 77) and, with respect to Plaintiffs' request that BOFA supplement its interrogatory responses, held that Plaintiffs could proceed with depositions to obtain that information.

Plaintiffs appealed Judge Albregts' order but proceeded with depositions. As is relevant to this motion, the Rule 30(b)(6) deposition took place on March 24, 2021. A week later, on March 31, 2021 Judge Boulware overruled Plaintiffs' objections (ECF No. 100). Of note, Judge Boulware's order states that he could not determine if Plaintiffs were ultimately able to obtain the needed information and, as a result, set a status conference for May 4, 2021 to determine if there were still a need for the Court to resolve this dispute.

The May 4, 2021 conference was then continued until May 12, 2021. Importantly, Plaintiffs filed a motion to compel discovery on May 5, 2021 (ECF Nos. 104, 147) which, among other issues, dealt with the problems that arose during the deposition of the Rule 30(b)(6) witness. That motion was filed prior to the May 24, 2021 deadline for dispositive motions. On May 12, 2021, Judge Boulware denied the motion to compel (due to its length) without prejudice. ECF No. 112 (transcript of proceeding). During that same hearing, Judge Boulware ordered BOFA to produce certain documents for in-camera review to streamline discovery disputes and enjoined Plaintiffs from filing any other discovery motions until that review was completed. *Id*. Judge Boulware then set a status hearing for June 29, 2021. *Id*.

The in-camera review was completed on June 24, 2021. ECF No. 127. Thus, starting on that date, Plaintiffs could have filed the motion presently before the court. On June 28, 2021, Judge Boulware vacated the hearing previously set for June 29, 2021 and ordered Plaintiffs to file a response to BOFA's motion for summary judgment. ECF No. 130.

Plaintiffs filed the instant motion on August 4, 2021.

### ii. **Relevant factors**

The Court next applies the relevant factors cited above to the facts of this case.

The discovery deadline in this case was February 15, 2021. ECF No. 87. As explained above, the deposition took place after the close of discovery on March 24, 2021 (with the Court's permission (ECF No. 94)).

The first opportunity to address this issue was during the status check on May 12, 2021. ECF No. 111. By then, Plaintiffs had already filed a motion to compel (at ECF 104, 147), which mentioned some of the issues raised in the instant motion regarding the Rule 30(b)(6) witness. *See* ECF No. 147, at 4, 36, n.11. But during the May 12th hearing, Judge Boulware denied the motion without prejudice given its length and enjoined Plaintiffs from filing additional discovery motions until the in-camera review had taken place.

The instant motion, which seeks to compel another Rule 30(b)(6) deposition and sanctions, was filed on August 4, 2021. The delay measured from the discovery deadline is approximately five months. But the circumstances of this case merit consideration: (1) Plaintiffs filed a motion on May 5, 2021 (before the deadline for dispositive motions), which outlined many of the issues that appear in the instant motion; (2) Judge Boulware effectively enjoined Plaintiffs from filing any additional motions until June 24, 2021; and (3) Plaintiffs believed that Judge Boulware would be addressing these (and other) issues at the continued status hearing on June 29, 2021. But, instead, that hearing was vacated, and Plaintiffs were ordered to respond to BOFA's motion for summary judgment by July 12, 2021. Plaintiffs complied with that order and, approximately three weeks later, filed the instant motion. The Court finds this combination of facts suggests Plaintiffs were diligent and the motion is timely.

While Plaintiffs have known about the need to file this motion as early as March 24, 2021 (the day on which the Rule 30(b)(6) deposition took place), the circumstances listed above show that June 25, 2021 would have been the earliest day for Plaintiffs to file this motion given the injunction in place.

The discovery deadline has been extended six times, although all by way of joint stipulations.

This case has been pending for almost three years.

BOFA would certainly be prejudiced should the Court grant this motion. Dispositive motions are fully briefed, and a new deposition may require re-filing dispositive motions. Yet, the Court notes BOFA bears some responsibility for the potential prejudice. First, as will be discussed in more detail below, Plaintiffs' arguments concerning the Rule 30(b)(6) witness center around BOFA's failure to prepare the witness on specific designated topics. BOFA never filed a motion for a protective order seeking to be relieved from answering to the objected-to topics. Not surprisingly, during the deposition, the Rule 30(b)(6) witness was not prepared to testify about topics to which BOFA had objected. This is something that could have been avoided by obtaining a court order regarding permissible topics of examination.

As to the Court's schedule, the record makes clear Judge Boulware wanted to ensure Plaintiffs had the information sought prior to dispositive motions being filed. ECF No. 100. While the motions for summary judgment are fully briefed, there is a motion to amend pending, which requires a ruling. It is highly unlikely that Judge Boulware would have commenced his analysis of the motion for summary judgement given the history of this case and the pending motion. Lastly, there has been no trial date set. Thus, the disruption to the Court's schedule is virtually non-existent.

On balance, the Court finds that Plaintiffs did not unduly delay and that unusual circumstances justified the delay. Plaintiffs have sought to get this (and other) information well before the close of discovery. While ideally Plaintiffs would have filed this motion sooner, the history of this case is unusual enough to justify the late filing.

**B.     Whether Ms. Miller's lack of preparation was tantamount to a failure to appear under Rule 37(d) such that sanctions should issue**

Plaintiffs contend that a combination of factors rendered the testimony of the Rule 30(b)(6) witness, Ms. Miller, useless. First, they contend Ms. Miller was unprepared to answer many of the questions by repeatedly answering "I don't know," "I don't recall," or stating she did not understand the questions. In addition, as to the answers she did provide, Plaintiffs take issue with the way in which counsel prepared Ms. Miller. They contend Ms. Miller's testimony was entirely dependent on counsel's research and not a product of her own independent investigation.

1 Plaintiffs also highlight that Ms. Miller did not interview any former or current employees or
2 review deposition transcripts. The thrust of Plaintiffs' argument is that Ms. Miller was simply
3 "parroting" counsel's contentions, as opposed to presenting testimony based on facts she
4 gathered. Plaintiffs argue that this precluded their ability to properly examine Ms. Miller, as she
5 was simply a conduit for counsel's contentions. As such, Plaintiffs cite to *Great Am. Ins. Co. of*
6 *New York v. Vegas Const. Co.*, 251 F.R.D. 534 (D. Nev. 2008), among other cases, for the
7 proposition that, for all intents and purposes, Ms. Miller failed to appear under Rule 37(d) and
8 that sanctions should be imposed.
9       BOFA responds by explaining that Ms. Miller was prepared to testify to the topics BOFA
10 agreed were proper. As a result, it relies on *Estrada v. Rowland*, 69 F.3d 405 (9th Cir. 1995) and
11 *Watkins v. Infosys*, 724 Fed. Appx. 520 (9th Cir. 2017), for the proposition that Ms. Miller did not
12 "fail to appear" under Rule 37(d)(1)(A)(i). Also, BOFA explains it made clear to Plaintiffs, in
13 advance of the deposition, that it was objecting to specific topics. Lastly, BOFA points out it is
14 customary for attorneys to prepare Rule 30(b)(6) witnesses and that Plaintiffs are misrepresenting
15 some of the testimony. For all these reasons, BOFA contends Rule 37(d) sanctions are not proper.
16       The language of Federal Rule of Civil Procedure 30 requires the person designated as the
17 Rule 30(b)(6) witness to testify as to matters known or reasonably available to the organization.
18 The party seeking discovery through a Rule 30(b)(6) deposition is required to describe "with
19 reasonable particularity the matters on which examination is requested." *Great American*, 251
20 F.R.D. at 538. Once served with the deposition notice under Rule 30(b)(6), the responding party
21 is required to produce one or more witnesses knowledgeable about the subject matter of the
22 noticed topics. *Id*. The duty to produce a prepared witness on designated topics extends to matters
23 not only within the personal knowledge of the witness but on matters reasonably known by the
24 responding party. *Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 137, 141
25 (D.D.C.1998). "By its very nature, a Rule 30(b)(6) deposition notice requires the responding
26 party to prepare a designated representative so that he or she can testify on matters not only
27 within his or her personal knowledge, but also on matters reasonably known by the responding
28 entity." *Great American*, 251 F.R.D. at 539.

Rule 37(d)(1) specifically authorizes a court to issue sanctions when a party or its representative, or a person designated under Rule 30(b)(6) or 31(a)(4), fails to appear for that person's deposition. Fed. R. Civ. P. 37(d)(1)(A)(i).

### i. Counsel's preparation of the Rule 30(b)(6) witness

Plaintiffs take issue with the way in which the Rule 30(b)(6) witness, Ms. Miller, was prepared here. Specifically, Plaintiffs note that Ms. Miller received much of the information she was testifying about from defense counsel without conducting her own independent research, interviewing relevant individuals, reviewing deposition transcripts, or speaking with in-house counsel. Plaintiffs cite two cases for the proposition that counsel cannot prepare the Rule 30(b)(6) witness: *United States v. Taylor*, 166 FRD 356 and *In re Neurontin Antitrust Litig.*, No. CIV.A. 02-1390 FSH, 2011 WL 253434 (D.N.J. Jan. 25, 2011).

Defendants argue that there is no requirement for a Rule 30(b)(6) witness to conduct independent research and, in any event, the witness in this case reviewed many documents and discussed interviews counsel conducted to be fully prepared to testify.

Several cases discussing the preparation of a Rule 30(b)(6) witness discuss the need for the "party" or the "corporation" to prepare the witness. *See, e.g.*, *Great American,* 251 F.R.D. at 539; *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999); *Elan Microelectronics Corp. v. Pixcir Microelectronics Co.*, No. 2:10-CV-00014-GMN, 2013 WL 4101811 *5 (D. Nev. Aug. 13, 2013); *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C). Many cases (as cited by BOFA at ECF No. 170 at 4-5), however, find no qualms with the notion that counsel for the corporation typically prepares the Rule 30(b)(6) witness for the deposition. But few cases discuss situations in which counsel's preparation of the Rule 30(b)(6) witness crosses the line from preparing the witness to coaching the witness. According to Plaintiffs, *Taylor* and *In Re Neurontin* frown on the type of preparation counsel engaged in here.

In *United States v. Taylor*, 166 F.R.D. 356, the court delineated the duties of a Rule 30(b)(6) witness and the concomitant duties of the corporation to properly prepare such a witness. Those duties include the need to interview witnesses and review documents (including deposition transcripts). To be precise, the court made clear that a Rule 30(b)(6) witness does not fulfill its

obligations under the rule "by stating that it has no knowledge or position with respect to a set of facts or area of inquiry within its knowledge or reasonably available." *Id*. at 362. As it relates to preparation by counsel, the court states that

> [i]f a corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, it is its officers, employees, agents or others who must present the position, give reasons for the position, and, more importantly, stand subject to cross-examination. A party's trial attorney normally does not fit that bill.

In *In re Neurontin*, 2011 WL 253434, the attorney who prepared the Rule 30(b)(6) witness prepared an outline for the witness and the witness actually read from the outline in response to questions.

This Court does not read either case to stand for the proposition that counsel cannot help prepare the Rule 30(b)(6) witness in the way that counsel did here. In fact, the cases cited by Plaintiffs simply set out expectations for the Rule 30(b)(6) witness and draw the line at the point where the witness' testimony is no more than "a conduit for counsel's contentions." *Id.* at *10. The Court agrees with this proposition. But there is nothing in the record here to suggest that Ms. Miller was such a conduit. Additionally, Plaintiffs' argument ignores the realities of the *need* for Rule 30(b)(6) witnesses to rely on counsel to prepare for their depositions. Rule 30(b)(6) witnesses are not necessarily trained in the law and may not understand what the noticed topics demand in terms of preparation. Demanding that Rule 30(b)(6) witnesses do their own independent research may lead to wasted time and, ultimately, an unprepared witness. While the Court acknowledges that there may be instances in which counsel can "coach" witnesses, this is one of the many areas of legal practice in which the Court must presume attorneys are being faithful to their ethical duties (unless there is evidence to the contrary). As alluded to earlier, the record before the Court does not demonstrate any unethical conduct.

While the Court acknowledges that the two cases cited above are only persuasive, the Court agrees that the preferred practice would have been for Ms. Miller to have read the deposition transcripts (or at least relevant portions). The Court does not agree that counsel cannot interview relevant witnesses and then relay the relevant aspects of those interviews to the Rule

30(b)(6) witness. As explained above, counsel has a much better understanding of the facts that will need to be elicited in response to interviews vis-à-vis the noticed topics. But those issues go to the degree of her preparation, to which the Court turns next.

### ii. Whether the Rule 30(b)(6) witness was sufficiently prepared

First, the Court notes that BOFA counsel did not prepare Ms. Miller on *all* of the designated topics. The Court understands BOFA was relying on previous statements by the Court regarding what constituted relevant discovery. However, as the Court already stated in open court, it does not believe that Judge Boulware limited discovery as narrowly as BOFA suggests. In any event, BOFA should have filed a motion for a protective order before it unilaterally determined it would not prepare the Rule 30(b)(6) witness regarding certain topics. *See, e.g.*, *Kwasniewski v. Sanofi-Aventis U.S. LLC*, No. 212CV00515GMNNJK, 2017 WL 8786078 (D. Nev. Mar. 6, 2017); *Wieland v. Bd. of Regents of Nevada Sys. of Higher Educ.*, No. 319CV00724MMDCLB, 2021 WL 3549893 (D. Nev. Aug. 10, 2021); *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428 (D. Nev. 2006). With this in mind, the Court turns to the responses at issue (and refers to Plaintiffs' chart at ECF No. 148 at 19-22[1]) to make an individualized determination as to whether Ms. Miller was properly prepared or not.

As to Topic 1,[2] Plaintiffs' chart refers the Court to page 22 in the deposition,[3] lines 11-15. The question posed was whether Ms. Miller had reviewed the complaint and answer. She responded she had. The Court does not find any issues with the response.

As to Topic 2,[4] Plaintiffs' chart refers the Court to the following pages in the deposition: 78:7-79:18, 80:4-14, and 81:14-82:8. These questions involve the factual underpinnings of BOFA's affirmative defenses. The work product privilege is not implicated unless the inquiring party asks the organizational deponent questions which improperly tend to elicit the mental impressions of the parties' attorneys. *Taylor v. Shaw*, No. 2:04CV01668LDGLRL, 2007 WL 710186 (D. Nev. Mar. 7, 2007). Here Plaintiffs sought to identify the *facts* underlying the

---

[1] The Court does not discuss Topics 5, 6, 10, 11, or 16-18, as Plaintiffs agree these are not at issue.
[2] Topic 1 is the factual basis for Defendant's Answer to plaintiffs' original complaint.
[3] The deposition transcript is at ECF No. 148-10.
[4] Topic 2 is the factual basis for BOFA's 4th, 11th, 12th and 15th affirmative defenses.

defenses of bad faith, unclean hands, and non-performance. The questions did not probe into the mental impressions or thought processes of counsel. Thus, Ms. Miller should have been ready to respond to these questions.

As to Topic 3,[5] Plaintiffs' chart refers the Court to the deposition transcript, 95:15-24. The question posed was whether Ms. Miller could name *the* custodian of records. Ms. Miller responded there was not any *one* person fitting that description and mentioned Legal Order Processing as the internal bank department handling these matters. In addition, as the bank points out, Ms. Miller ultimately provided the information sought. *See* ECF No. 148-10 at 226:5-13. The Court finds Ms. Miller properly answered the question.

As to Topics 4, 19, and 20,[6] BOFA's position is that it made clear to Plaintiffs (prior to the deposition through meet and confers and written objections) that it would not prepare Ms. Miller on "discovery on discovery." As explained earlier, BOFA should have filed for a protective order before it decided not to prepare Ms. Miller on these topics. The Court agrees with Plaintiffs that objections to these topics (except those objections dealing with privilege) have been waived. *See I.R. v. City of Fresno*, No. 1:12-CV-00558-AWI, 2014 WL 1419305 * 3 (E.D. Cal. Apr. 11, 2014). Lastly, the Court concludes that Ms. Miller was not properly prepared as to these topics.

As to Topics 7 and 15,[7] Plaintiffs' chart refers the Court to the following pages in the deposition: 66:14-67:15 and 90:22-92:24. The question regarding Topic 7 deals with the efforts Ms. Miller made to find out who had been in communication with government agents prior to

---

[5] Topic 3 is information concerning all custodians of documents produced in response to discovery requests.

[6] Topic 4 is the electronic creation, duplication, and storage of the documents produced by Defendant in response to discovery requests in this case and documents and records created by Defendant in the ordinary course of business.
Topic 19: Identification of all steps BANA undertook prior to September 4, 2020, to ensure that all responsive documents had either been produced or appropriately logged on one of its privilege logs.
Topic 20: Identification of all steps BANA has undertaken since September 4, 2020 to ensure that all responsive documents have been produced.

[7] Topic 7 is the identification of any BANA employee who communicated with any government prosecutor, agent, agency, department, bureau, commission, or unit regarding the activity or accounts of any Plaintiff in the one-year period prior to July 24, 2018.
Topic 15: Identification of any routine or periodic fraud investigations, fraud alerts, account monitoring documents, or large dollar reports that listed or identified any transfer of funds between any of Plaintiffs' accounts and any foreign account in the three-year period preceding the account freeze

July 24, 2018. She responded that she made no such efforts. As to Topic 15, the question pertained to the routine monitoring of accounts for fraud. As explained above, to the extent BOFA believed it did not need to answer these questions, it should have sought a protective order. Again, the Court finds that any objections to these topics (except those dealing with privilege) have been waived. Consistent with the Court's order following the in-camera review, questions that would require revealing information contained in bank logs Nos. 95, 96, and 102 would not be proper. ECF 170 at 12. Lastly, the Court concludes that Ms. Miller was not properly prepared as to these topics.

As to Topic 8,[8] Plaintiffs' chart refers the Court to the following pages in the deposition: 28:1-45:13 and 72:16-77:17. Plaintiffs questioned Ms. Miller about people who were *not* part of the investigation, which is not what the designated topic listed. Ms. Miller was properly prepared to answer the questions regarding those who *were* involved in the investigation.

As to Topic 9,[9] Plaintiffs' chart refers the Court to the following pages in the deposition: 72:16-73:8. The question was whether Ms. Miller knew of employees who communicated with government agents after July 24, 2018. She responded "Andrew Frey." When asked about others, she responded she did not know and that she has made no efforts to find out. Eventually, her memory was refreshed, and she mentioned others who had also communicated with government agents. *See* ECF No. 148-10 at 74-76. The Court concludes Ms. Miller was properly prepared as to this topic.

As to Topics 12-14,[10] BOFA represents that it had already informed Plaintiffs that it had no responsive information or documents regarding those topics. *See* ECF 170 at 18. BOFA cannot

---

[8] Topic 8 is the identification of all BANA employees involved in the investigation and the respective roles that each employee played.

[9] Topic 9 is the identification of any BANA employee who received information from any government prosecutor, agent, agency, department, bureau, commission, or unit regarding any Plaintiff at any time during the Investigation.

[10] Topic 12 is the identification of all recipients of any "Do Not Do Business with List" which BANA prepared or assisted with the preparation of and which includes any of the Plaintiffs. For purposes of this Notice, "recipients" means any private, non-governmental third party with whom the list was shared or to whom BANA disclosed the fact that any Plaintiff was included in such a list.

Topic 13 is identification of any recipients of any list or document that claims or suggests that any Plaintiff is or was engaged in fraudulent activity or that refers to a CONFIRMED FRAUD or CONFIRMED FRAUD CLOSURE in connection with any Plaintiff or their activities.

produce or prepare for topics for which it has no information. The Court concludes Ms. Miller was properly prepared as to these topics.

Overall, Ms. Miller was prepared to testify about the topics on which the bank prepared her. The Court notes that she met with counsel over five days, reviewed approximately a thousand documents and spent several hours preparing for the deposition. Nevertheless, there were other noticed topics that Ms. Miller should have been prepared to discuss, given counsel did not seek (or receive) a protective order. Thus, the Court turns to whether Ms. Miller's testimony is tantamount to a "failure to appear" such that Rule 37(d) sanctions should apply.

### iii. Whether Ms. Miller "failed to appear"

Several courts, including this district, have held that a party's failure to produce a Rule 30(b)(6) designee who is adequately educated and prepared to testify regarding the enumerated topics amounts to a nonappearance sufficient to warrant the imposition of sanctions. *Great Am.*, 251 F.R.D. at 542; *Resolution Trust Corp. v. Southern Union Co., Inc*., 985 F.2d 196, 197 (5th Cir. 1993); *Black Horse Lane Assoc. v. Dow Chemical Corp.*, 228 F.3d 275, 303 (3d Cir. 2000). Plaintiffs rely on *Great American* and several other cases for purposes of their argument.

BOFA argues that *Great American* is distinguishable because, unlike this case, the witness in that case was completely unprepared. Instead, BOFA relies on *Estrada v. Rowland*, 69 F3d 405 (9th Cir. 1995) and *Watkins v. Infosys*, 724 Fed. Appx. 520 (9th Cir. 2019) for the proposition that sanctions are not proper so long as the Rule 30(b)(6) witness appears and answers questions on several topics.

The Court agrees that *Great American* is distinguishable from this case, given the complete lack of preparation in that case. In addition, *Watkins v. Infosys,* a rather recent (albeit unpublished) Ninth Circuit opinion confirms that a witness who shows up to the deposition and answers questions on several topics has not failed to appear, making Rule 37(d) sanctions improper. Of note, the district judge assigned to this case sat by designation on the *Watkins v. Infosys* Ninth Circuit panel. While the Court notes that *Estrada* did not involve a Rule 30(b)(6)

---

Topic 14 is identification of a BANA employee who communicated with authorize.net or any credit card processing company concerning the activities of any Plaintiff or any other depositor whose accounts were frozen in connection with the Investigation and any depositor listed on BANA005978 and BANA005979.

witness (and that other courts have not extended that case to the Rule 30(b)(6) witness context), the Court cannot ignore that Ms. Miller was better prepared than the Rule 30(b)(6) witness in *Great American* and the fact that the lack of preparation was mainly in relation to the topics over which the bank objected. Here, while the preparation could have been better (Ms. Miller should have read at least portions of relevant transcripts and been more familiar with the deposition topics), she ultimately answered all the questions as to the un-objected noticed topics. Ms. Miller, therefore, did not fail to appear for purposes of Rule 37(d).

### iv. Whether sanctions are appropriate

Here, Plaintiffs seeks a variety of sanctions, some which fall under Rule 37(a), and some which fall under Rule 37(d).

#### a. Rule 37(d)

As discussed above, the court may impose several sanctions under this Rule if, as argued here, the Rule 30(b)(6) witness fails to appear. The Court concluded that Ms. Miller did not fail to appear. Thus, Rule 37(d) sanctions are not appropriate.

#### b. Rule 37(a)

Even though Rule 37(d) sanctions are not appropriate in this case, the Court finds sanctions are proper under Rule 37(a). First, the Court finds that allowing Plaintiffs to conduct another deposition of the Rule 30(b)(6) witness regarding the noticed topics for which the witness was not prepared is appropriate. This is subject to whatever privileges may apply and limited to the parameters below. The Court also awards Plaintiffs attorneys' fees under Rule 37(5)(A) for filing and arguing the instant motion (and finds no exception applicable under Rule 37(5)(A)(i)-(iii)). As to expenses, the Court will not award any travel-related expenses for arguing this motion. There were *three* attorneys who traveled from another jurisdiction when they could have made their appearance via Zoom (as has been overwhelmingly the case during this pandemic). Granting those fees would be unjust. *See* Rule 37(A)(iii). No other sanctions will be imposed. Given this, fees will not be awarded to BOFA. The Court further orders the parties to meet and confer within two weeks of this order regarding attorneys' fees.

Additionally, the continued Rule 30(b)(6) deposition must not last more than three hours. Parties are strongly encouraged to meet and confer as to the way in which the deposition will transpire to avoid any further motion practice on this issue.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion (ECF No. 148) is GRANTED in part and DENIED in part, consistent with this order.

DATED: October 21, 2021

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE