**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

RICHARD ZEITLIN, et al.,

               Plaintiffs,

    v.

BANK OF AMERICA, N.A.,

               Defendant.

Case No. 2:18-cv-01919-RFB-BNW

**REPORT AND RECOMMENDATION and ORDER**

      Before the Court is Plaintiffs' motion to amend and supplement the complaint, add a party, and modify the scheduling order ("Motion to Amend"). ECF No. 166. Defendants responded at ECF No. 178. Plaintiffs replied at ECF No. 189.

## BACKGROUND

      This motion stems from Plaintiffs' general complaint, filed on October 5, 2018, that Defendants improperly froze multiple personal and business accounts of theirs. ECF No. 1 at 3. Plaintiffs originally alleged four causes of action. *Id.* at 6–9. They now seek to add the following claims against Defendants: conversion/civil theft, violations of the Nevada Deceptive Trade Practices Act, defamation, tortious interference with contract, and a new breach of contract theory. ECF No. 166 at 9. Plaintiffs also seek to add another defendant and two causes of action against him: conversion and civil conspiracy. *Id.* Finally, they seek to dismiss count five of the original complaint. *Id.*

      Plaintiffs contend that this motion should be granted because the amended allegations are based on new information that they acquired during discovery. *Id.* at 9. Defendants countered, stating that Plaintiffs' motion is untimely because the deadline to amend was over two years ago. ECF No. 178 at 4. Plaintiffs replied that their delayed filing was caused by Defendants' improper discovery tactics. ECF No. 189 at 3.

For the reasons discussed below, this Court recommends that Plaintiffs' motion to amend be denied except to the extent they seek to dismiss count five.

## LEGAL STANDARD

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* And courts "should freely give leave when justice so requires." *Id*.

However, when the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b), a less lenient standard. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed). Under this rule, a scheduling order may only be modified "for good cause and with the judge's consent." Fed R. Civ. P. 16(b)(4). The good cause standard primarily evaluates the diligence of the party seeking amendment. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). Thus, the burden to show good cause rests on the party seeking amendment. *Johnson*, 975 F.2d at 608.

## ANALYSIS

**I.    Plaintiffs insufficiently justify their extensive delays in filing and thus did not establish good cause to amend.**

To establish good cause, Plaintiffs must show that they were diligent in seeking amendment. *Johnson*, 975 F.2d at 609. Plaintiffs argue that, after the deadline to amend passed, they discovered new facts that supported additional claims. ECF No. 166 at 3–8. Plaintiffs cite numerous cases to show that courts *in the* Ninth Circuit and across the country "regularly find" that discovery of new evidence satisfies the good cause standard. *Id.* at 10. Thus, Plaintiffs conclude that because their amendments are based on newly discovered evidence, good cause exists. *Id.*

Defendants counter and first argue that Plaintiffs' new claims come from past theories.[1] ECF. No. 178 at 6. Second, Defendants argue that Plaintiffs were not diligent because they possessed these new facts by March of 2021 but did not file their motion to amend until six months later. *Id.* at 7 (citing ECF No. 166 at 2–6); *see* ECF No. 166 (showing that Plaintiffs did not file their motion to amend until August 30, 2021). Defendants further note that Plaintiffs moved to amend more than two years after the deadline. ECF No. 178 at 7; ECF No. 35 at 1 (order stating the deadline to amend and add parties was August 21, 2019); ECF No. 166 (motion to amend filed on August 30, 2021).[2]

Plaintiffs replied that they were diligent in seeking amendment. ECF No. 189 at 2. They blamed Defendants for the delayed filing due to Defendants' "stonewalling and obstructionist tactics" during discovery. *Id.* Plaintiffs contend this behavior put them in a "three-way Hobson's choice," where they could: (1) attempt to amend "piecemeal" but risk this Court denying future amendments, (2) plead claims on information and belief but risk dismissal, perhaps with prejudice, or (3) alert the court of discovery disputes and wait. *Id.* at 3. Plaintiffs chose the third option. *Id.*

> **a. Discovery of new facts, with no consideration of Plaintiffs' delays, does not meet the good cause standard in this case.**

To show good cause, Plaintiffs primarily rely on the argument that "discovery of new evidence is sufficient to satisfy the good cause standard." ECF No. 166 at 8. However, as discussed below, the authority Plaintiffs cite demonstrates that while discovery of new facts may cut in favor of allowing amendment, it is not the court's only consideration. The court also looks

---

[1] The Court does not resolve the good cause issue based on this argument. The general rule is that plaintiffs are not diligent when they have "been aware of facts and theories supporting amendment *since the inception of the action*." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737 (emphasis added). Here, only one of Plaintiffs' theories comes from the beginning of the case. ECF No. 178 at 6. And it is unclear whether that theory supports amendment or is a mere "hypothetical contingency." *Compare id.* (stating that Plaintiffs first addressed the rogue prosecutor theory on November 30, 2018), *with* ECF No. 166 at 6 (noting that Plaintiffs only stated this hypothetical theory to demonstrate Defendants' "obvious" flaws in reasoning).

[2] The Court is aware that, per this Court's order, Plaintiffs were prohibited from filing motions related to discovery requests for a period. ECF No. 111. However, because this prohibition related only to discovery, the Court finds this irrelevant to Plaintiffs' delay in filing their motion to amend.

at the plaintiff's delay (or lack thereof) in seeking amendment, which Plaintiffs do not address in this particular argument.

Plaintiffs' facts are distinguishable from the cases they cite. For example, in *Allstate Ins. Co. v. Regions Bank*, the movant discovered new evidence only six days after the amendment deadline expired. No. CIV.A. 14-0067-WS-C, 2014 WL 4162264, at *2 (S.D. Ala. Aug. 19, 2014). Then, the movant filed its motion to amend "prompt[ly]," only two weeks later. *Id.* Here, Plaintiffs discovered their new evidence much later than six days–at times over a year–after the deadline. ECF No. 166 at 3–6. Further, Plaintiffs filed their motion to amend six months after they discovered the new evidence. *Id.* at 1.

In *Macias v. Cleaver*, a more favorable case to Plaintiffs, the court granted a motion to amend when the movant filed its motion less than three months after discovering new evidence and approximately a year after the amendment deadline. *See* No. 1:13-CV-01819-BAM, 2016 WL 8730687, at *1–2 (E.D. Cal. Apr. 8, 2016). Again, Plaintiffs' facts are different from this persuasive authority because Plaintiffs' filings were even more delayed. *See* ECF No. 166. Importantly, these cases' reasoning shows that discovery of new evidence is not a court's only consideration. *See Macias*, 2016 WL 8730687, at *1–2; *see also Allstate Ins. Co.*, 2014 WL 4162264, at *2 (demonstrating that part of the court's reasoning in granting amendment was the party's prompt filing).

In sum, Plaintiffs' discovery of new facts after the amendment deadline may cut in Plaintiffs' favor, but it is not the Court's only consideration in its analysis of good cause.

### b. Plaintiffs' delays—filing two years after the amendment deadline and six months after discovering new facts—do not demonstrate diligence.

This Court's primary concern and consideration is Plaintiffs' significant delay in filing its motion to amend. Plaintiffs moved to amend more than two years after the deadline and six months after discovering the relevant evidence supporting their proposed amended complaint. ECF No. 35 at 1 (order stating the deadline to amend and add parties was August 21, 2019); ECF No. 166 (motion to amend filed on August 30, 2021); ECF No. 166 at 3–6 (Plaintiffs discovered the new evidence by March 2021). As discussed below, Ninth Circuit caselaw suggests that

1    Plaintiffs have not been diligent, as the Ninth Circuit has denied a plaintiff's motion to amend

2    based on less delay.

3         In *Schwerdt v. Int'l Fidelity Ins. Co.*, a plaintiff learned of new facts supporting its

4    amended complaint but did not move to amend until three months later. *See* 28 F. App'x 715, 719

5    (9th Cir. 2002). The court found plaintiff's three-month delay did not demonstrate diligence under

6    Fed. R. Civ. P. 16(b). *Id.* The Ninth Circuit similarly affirmed a denial of a plaintiff's motion to

7    amend when the plaintiff waited seven months after obtaining new facts before filing the motion.

8    *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

9         The Court is persuaded by *Schwerdt*, and, in conjunction with *Jackson*, believes that if the

10   Ninth Circuit were to take up this case, it would not find Plaintiffs were diligent in filing their

11   motion to amend six months after discovering new evidence.

12        Additionally, Plaintiffs' "three-way Hobson's choice" justification for the delay does not

13   change the Court's conclusion. *See* ECF No. 189 at 3. First, Plaintiffs imply that a piecemeal

14   option was not a viable choice compared to waiting to amend. *See id.* They reference two cases to

15   support the argument that amending piecemeal was not the best option. *Id.* at 12. But these cases

16   are unpersuasive. The first case states that a party is "not entitled . . . to present 'legal theories

17   seriatim' through repeated amendment." *Id.* (citing *Bilello v. JPMorgan Chase Ret. Plan*, 649 F.

18   Supp. 2d 142, 151 (S.D.N.Y. 2009)). While it is true that Plaintiffs are not "entitled" to

19   amendment (apart from Fed. R. Civ. P. 15(a)), it is within the court's discretion to decide whether

20   to "allow itself to be imposed upon by the presentation of theories seriatim." *See Freeman v.*

21   *Continental Gin Co.,* 381 F.2d 459, 469 (5th Cir. 1967) (*Bilelo* derives its seriatim-language from

22   this case).

23        The second case Plaintiffs cite is also not persuasive. *See* ECF No. 189 at 3. Without

24   mentioning repeated amendment,[3] the *Long* court found that the district court properly denied

25   leave to amend, under Rule 15, because the movant's delay was "excessive and unreasonable"

26

27   _____

     [3] The case mentions, once, that courts consider "repeated failure to cure deficiencies" when deciding whether to
28   grant leave to amend. *Long*, 646 F.2d at 1321. But this is a *Foman* factor that courts evaluate under a Rule 15
     analysis. *Id.*

and "any further delay would seriously prejudice [non-movants]." *Long v. Bureau of Econ.*

*Analysis*, 646 F.2d 1310, 1322 (9th Cir. 1981), *vacated on other grounds, Bureau of Econ.*

*Analysis, U.S. Dep't of Com. v. Long*, 454 U.S. 934 (1981). In sum, these cases do not support

Plaintiffs' contention that avoiding repeated amendment justified their choice to delay filing their

motion for six months.

Second, Plaintiffs' other option—to plead on information and belief—is irrelevant to their

six-month delay. *See* ECF No. 189 at 3. By March 2021, Plaintiffs possessed the discovery they

needed to move to amend. ECF No. 166 at 3–6. So, pleading based on information and belief was

no longer necessary. At this point, Plaintiffs could have sought leave to amend, or they could

have continued to wait.

Regardless of what Plaintiffs believed their choices were, this Court must consider

whether they satisfied Rule 16's good cause standard. As discussed above, based on persuasive

and controlling Ninth Circuit authority, the Court does not find that Plaintiffs have met this

standard. While this Court recognizes the situation Plaintiffs faced, difficult choices do not justify

a lack of diligence.

For these reasons, the Court finds that Plaintiffs were not diligent in seeking amendment.

And when a Court finds that a party was not diligent, "the inquiry should end." *Johnson*, 975 F.2d

at 609. Therefore, Plaintiffs do not satisfy the good cause requirement under Fed. R. Civ. P. 16(b)

and this Court recommends their motion to amend be denied.

**II.    The Court denies Defendant's request for fees and costs under Fed. R. Civ. P. 16(f).**

Under Rule 16(f), "the court must order the party, its attorney, or both to pay the

reasonable expenses—including attorney's fees—incurred because of any noncompliance with

this rule, unless the noncompliance was substantially justified or other circumstances make an

award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Additionally, this Court has found that "a

primary objective of Rule 16(f) is the deterrence of conduct that unnecessarily consumes

the Court's time and resources that could have been more productively utilized by litigants

willing to follow the Court's procedures." *Fadem v. Am. States Preferred Ins. Co.*, No. 2:13-CV-

01213-RCJ, 2013 WL 5492776, at *3 (D. Nev. Oct. 2, 2013).

Defendant, in its response, seeks sanctions. It argues that it incurred fees and costs in defending Plaintiffs' motion to amend because of Plaintiffs' noncompliance with the scheduling order. ECF No. 178 at 22–23. Additionally, Defendant contends that Plaintiffs' noncompliance is not substantially justified because they "unduly delayed in seeking leave to amend" and "misstated facts and law to this Court." *Id.* at 23. Plaintiffs counter that they have "acted professionally" and "complied with every court-imposed deadline." ECF No. 189 at 13.

Here, Plaintiffs failed to obey this Court's scheduling order. ECF No. 35 at 1 (order stating the deadline to amend and add parties was August 21, 2019); ECF No. 166 (motion to amend filed on August 30, 2021). However, Plaintiffs offer a substantial justification for their noncompliance—discovery of new evidence—that suggests sanctions are not warranted. *See* Fed. R. Civ. P. 16(f) (an exception to a party's noncompliance exists if the noncompliance was "substantially justified."); *see* ECF No. 166 at 3 (explaining that Plaintiffs' discovery of new evidence led them to move to amend). The Court has not located any binding Ninth Circuit authority indicating that filing a motion to amend six months after discovering new evidence demonstrates a lack of diligence as a matter of law (i.e. that would have made Plaintiffs' motion unjustified). And many courts in the Ninth Circuit consider discovery of new evidence as a factor in granting leave to amend. *See, e.g.*, *Macias*, 2016 WL 8730687 at *4; *Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. CIV.S-05-583LKKGGH, 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006). Accordingly, this Court finds that Plaintiffs' discovery of new evidence justifies them, as zealous advocates for their client, attempting to amend after the deadline (even though the Court is ultimately unpersuaded that they were diligent in seeking amendment). *See* ECF No. 166 at 3–6. Accordingly, this Court finds that sanctions are not warranted.

## CONCLUSION AND RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Plaintiffs' Motion for Leave to Amend (ECF No. 166) be DENIED except as ordered below.

IT IS ORDERED that Plaintiffs' request to dismiss Count Five be GRANTED.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 4, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE