Amy F. Sorenson, Esq.
Nevada Bar No. 12495
Blakeley E. Griffith, Esq.
Nevada Bar No. 12386
Holly E. Cheong, Esq.
Nevada Bar No. 11936
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702-784-5200
Facsimile: 702-784-5252
Email: asorenson@swlaw.com
       bgriffith@swlaw.com
       hcheong@swlaw.com

*Attorneys for Defendant Bank of America, N.A.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD ZEITLIN, ADVANCED TELEPHONY CONSULTANTS, MRZ MANAGEMENT, LLC, DONOR RELATIONS, LLC, TPFE, INC., AMERICAN TECHNOLOGY SERVICES, COMPLIANCE CONSULTANTS, CHROME BUILDERS CONSTRUCTION, INC., UNIFIED DATA SERVICES;<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A. and JOHN AND JANE DOES 1-100,<br><br>Defendants. | Case No.: 2:18-cv-01919-RFB-BNW<br><br>**MOTION TO STAY ORDER ECF NO. 192 GRANTING SANCTIONS AND REDEPOSITION PENDING OBJECTION** |

Defendant Bank of America, N.A. ("BANA"), by and through counsel, Snell & Wilmer L.L.P., hereby requests an Order from the Magistrate Judge to stay enforcement of Order ECF No. 192, which granted Plaintiffs sanctions and redeposition of BANA's 30(b)(6) witness, pending Objection. This Motion to Stay is based upon the following Memorandum of Points and Authorities, all papers filed with the Court, any documents incorporated by reference or subject to judicial notice, and any oral argument this Court may entertain.

4867-1057-7665

**MEMORANDUM OF POINTS AND AUTHORITIES**

On October 21, 2021, this Court issued an order at ECF No. 192 granting in part and denying in part Plaintiffs' Rule 37(d) and Rule 37(a) Motion for Sanctions and to Compel Defendant's Failure to Product a Proper Rule 30(b)(6) Deponent ("Order"). On November 4, 2021, BANA filed an Objection to the Order ("Objection") at ECF No. 200. BANA requests that the Magistrate Judge stay enforcement of the Order until the Objection can be resolved, including a stay of the 3-hour redeposition of BANA's 30(b)(6) witness, attorneys' fees to Plaintiffs for filing and arguing the motion, and the court-ordered meet and confer deadline, currently set for November 4, 2021, regarding attorneys' fees.[1]

**A.  Legal Standard**

"It is well-established law that the filing of an objection to a magistrate judge's order on a non-dispositive motion does not automatically stay that order's operation." *Castelan-Gutierrez v. Bodega Latina Corp.*, No. 2:17-cv-01877-JAD-NJK, 2018 WL 4050493, at * 1 (D. Nev. Mar. 30, 2018). "A stay is not a matter of right.... It is instead 'an exercise of judicial discretion' ... [that] 'is dependent upon the circumstances of the particular case.'" *Lair v. Bullock,* 697 F.3d 1200, 1203 (9th Cir. 2012) (modifications in original). "In exercising its discretion, a court is guided by the following legal principles: (1) has the movant made a strong showing it is likely to succeed on the merits of the appeal, (2) will the movant suffer irreparable injury in the absence of a stay, (3) will other parties be substantially injured by a stay, and (4) where the public interest lies." *Garity v. Donahoe*, No. 2:11-cv-01805-RFB-CWH, 2014 WL 4402499, at *1 (D. Nev. Sep. 5, 2014).

**B.  BANA Will Suffer Irreparable Injury in Absence of a Stay.**

Turning first to the second factor, if BANA is forced to proceed with the redeposition of its 30(b)(6) witness without a final ruling from the District Court, it will be irreparably injured by the substantial costs in: (1) paying Plaintiffs' fees and costs, which Plaintiffs claim to be $75,000 or more, (2) preparing a witness for discovery-on-discovery topics and fraud alert topic, and (3)

---

[1] The Parties conducted an initial meet and confer on the attorneys' fees on November 3, 2021 in compliance with the order. Plaintiffs indicated that their fees and costs are in the amount of $85,636.75 for bringing and arguing the Motion, but that they may be willing to accept a lesser amount. Additionally, BANA advised that it would be filing an objection to the Order and seeking to stay the Order until after the District Judge has had a chance to resolve it. If the District Court denies the Objection, another meet and confer may be required.

- 2 -

4867-1057-7665

bringing this Objection, which would be moot. First, BANA would incur costs paying presumably a large amount to Plaintiffs, which Plaintiffs have initially indicated is in the range of $75,000 to $86,000.[2] Plaintiffs may not be able to recover these fees from Plaintiffs once they are paid. Second, BANA would incur substantial cost preparing its 30(b)(6) witness to discuss Plaintiffs' discovery-on-discovery topics and fraud alert topics. Topic 4 "the electronic creation, duplication, and storage of documents produced by Defendant in response to discovery requests in this case and documents and records created by Defendant in the ordinary course of business", Topic 19 "identification of all steps BANA undertook prior to September 4, 2020, to ensure that all responsive documents has either been produced or appropriately logged on one of its privilege logs.", Topic 20 "identification of all steps BANA has undertaken since September 4, 2020, to ensure that all responsive documents have been produced" and Topic 15 "[i]dentification of any routine or periodic fraud investigations, fraud alerts, account monitoring documents or large dollar reports that listed or identified any transfer of funds between any of Plaintiffs' accounts and any foreign account in the three-year period preceding the account freeze." Preparation of a witness on such broad topics would be time consuming, requiring many hours to prepare. "[R]equests for such 'meta-discovery' should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*." *Freedman v. Weatherford Int'l Ltd.*, 2014 WL 4547039, at *2 (S.D.N.Y. July 25, 2014). Third, its Objection would be moot if the 30(b)(6) redeposition and sanctions are allowed to proceed as ordered. *In re Adelphia Comm. Corp.*, 361 B.R. 337, 348 (S.D.N.Y. 2007) (Although "[a] majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm. . . the fact is that loss of appellate rights is a 'quintessential form of prejudice.'") (internal citations omitted) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 450, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968).) For all these reasons, enforcement of the Order should be staying pending BANA's Objection.

---

[2] BANA reserves all rights to object to these fees and costs, especially as BANA has not been provided any fee statements or invoices detailing these amounts.

### C. **Plaintiffs Will Suffer No Injury and The Public Interest is Minimal.**

A stay of the Order pending a determination on BANA's Objection will not injure Plaintiffs. As this Court recognized, this case has been pending for almost three years. (ECF No. 192 at 4:27.) Discovery closed on February 15, 2021 and BANA's summary judgment motion, filed on May 24, 2021, is fully briefed. (ECF Nos. 113, 138, 152.) Therefore, Plaintiffs do not need the discovery to respond to a pending dispositive motion. "The Court has broad authority to order a party to provide discovery that has been improperly withheld even after the expiration of the discovery cutoff." *Castelan-Gutierrez*, 2018 WL 4050493, at *4 n.4. Also, as this Court stated, "While the motions for summary judgment are fully briefed, there is a motion to amend pending, which requires a ruling. It is highly unlikely that Judge Boulware would have commenced his analysis of the motion for summary judgement given the history of this case and the pending motion." (ECF No. 192 at 5:12-15.) Plaintiffs' Motion to Amend, ECF No. 166, referred to by this Court in its Order is fully briefed. The decision on that motion will dictate discovery and, therefore, it is logical that enforcement of the Order be stayed until the Motion to Amend is resolved. Plaintiffs also have another Motion to Compel pending that will likely further delay analysis of BANA's Motion for Summary Judgment. (ECF No. 195.) For these reasons, Plaintiffs will not be denied the discovery they request because of this stay.

Finally, "other than the general interest in prompt resolution of court proceedings, the public interest is minimal here." *Castelan-Gutierrez*, 2018 WL 4050493, at *4. For all these reasons, BANA is entitled to a stay of enforcement of the Order pending a ruling on its Objection.

### D. **BANA Has a Strong Likelihood of Prevailing On Its Objection.**

As discussed in the Objection, BANA objects to this Court's detailed and carefully crafted order in two particulars only – a fee sanction caused by Plaintiffs' own conduct, and waiver of BANA's objections to four topics. Plaintiffs' counsel failed to meet and confer under Rule 30(b)(6) until two days before the deposition. For this reason alone, BANA's opposition to Plaintiffs' Rule 30(b)(6) Motion for Sanctions, ECF No. 148, was substantially justified under Rule 37(a). Rule 37(a)(5) prohibits such sanctions if "the opposing party's nondisclosure, response, or objection was substantially justified . . ." Also, Plaintiffs are not entitled to question

- 4 -

BANA's 30(b)(6) witness on its discovery methods as discovery-on-discovery "is neither relevant to a claim or defense in the litigation nor proportional to the needs of the case." *Catlin v. Wal-Mart Stores, Inc.*, No. 015-CV-00004-DWF-KMM, 2016 WL 7974070, at *1 (D. Minn. Sept. 22, 2016) (citing Fed. R. Civ. P. 26(b)(1)). Not only would such discovery be overly burdensome, as discussed below, but such discovery is precluded by Rule 26(b)(1), which limits discovery "any nonprivileged matter that is relevant to any party's claim or defense . . ."

Finally, this Court correctly found that Plaintiffs were not entitled to Rule 37(d) sanctions. Waiver of objections in the context of a 30(b)(6) deposition is only a permissible sanction under Rule 37(d)(2). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Based on the findings in the Order, Plaintiffs are not entitled to Rule 37(d) sanctions, including a determination that BANA waived it objections to Plaintiffs' 30(b)(6) topics. For these reasons, BANA is likely to prevail on its Objection.

## CONCLUSION

For these reasons, BANA is entitled to a stay of enforcement of this Court's Order pending a ruling on BANA's Objection. BANA respectfully requests this Court enter an order staying enforcement of the Order until the District Court Judge rules on the Objection.

Dated: November 4, 2021.

SNELL & WILMER L.L.P.

By: */s/ Blakeley E. Griffith*
Amy F. Sorenson, Esq. (NV Bar 12495)
Blakeley E. Griffith, Esq. (NV Bar 12386)
Holly E. Cheong, Esq. (NV Bar 11936)
3883 Howard Hughes Pkwy, Ste 1100
Las Vegas, Nevada 89169

*Attorneys for Bank of America, N.A.*

**Order**
IT IS ORDERED that ECF No. 202 is DENIED without prejudice, as it is unclear to the Court if the parties met and conferred regarding staying ECF No. 192 until Defendant's objection is decided. The parties are to meet and confer and if they cannot agree, Defendant may refile its motion. *See* LR 16-1(d).

**IT IS SO ORDERED**
**DATED:** 11:00 am, November 05, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

- 5 -

4867-1057-7665

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing **MOTION TO STAY ORDER ECF NO. 192 GRANTING SANCTIONS AND REDEPOSITION PENDING OBJECTION** with the Clerk of the Court for the U. S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED: November 4, 2021.

                                         */s/ Maricris Williams*
                                         An Employee of Snell & Wilmer L.L.P.

4867-1057-7665